WILLIAM BOYD V. ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS.

No. 1803. Decided March 11, 1908.

**1.—Contributory Negligence—Collision at Crossing.**

Evidence considered in case of a collision between a carriage on a street crossing and cars switched in railway yards, and held not to show contributory negligence on the part of the driver so conclusively as to warrant the appellate court, on reversing a recovery in his favor, in rendering judgment for the defendant. International & G. N. R. R. Co. v. Edwards, 100 Texas, 22, distinguished. (Pp. 415, 416.)

**2.—Evidence—Testimony at Former Trial.**

The proper predicate being laid showing that the whereabouts of a witness is unknown and that diligent search has been made to ascertain where he is, evidence to prove what he testified to on a former trial should be admitted. (P. 417.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Bowie County.

Boyd sued the railway company and recovered judgment. Defendant appealed and secured a reversal and rendition of judgment in its favor. Boyd then obtained writ of error.

*Randell & Wood* and *Horace W. Vaughan,* for plaintiff in error.— The Court of Civil Appeals had no right to substitute its conclusions of fact for those of the jury, if the jury were warranted in drawing such conclusions from the evidence as would have supported the verdict. Constitution art. 1, sec. 15; Sayles' Texas Civil Statutes, art. 1317; Choate v. San Antonio & A. P. Ry., 91 Texas, 406; Choate v. San Antonio & A. P. Ry., 90 Texas, 82-88; Wallace v. Southern Cotton Oil Co., 91 Texas, 18; Lee v. International & G. N. Ry. Co., 89 Texas, 587-588.

The question of contributory negligence was for the jury. Thompson on negligence, 2d ed., vol. 2, secs. 1548, 1549, 1550, 1552, 1555, 1579, 1580, 1581, 1582, 1583; Texas & Pac. Ry. Co. v. Murphy, 46 Texas, 366-370; Houston & T. C. Ry. Co. v. Waller, 56 Texas, 331; Texas & Pac. Ry. Co. v. Wright, 62 Texas, 517;

Gulf, C. & S. F. Ry. Co. v. Greenlee, 70 Texas, 561; Texas & Pac. Ry. Co. v. Chapman, 57 Texas, 82; Houston &. T. C. Ry. Co. v. Wilson, 60 Texas, 142; Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 344; Gulf, C. & S. F. Ry. Co. v. Anderson, 76 Texas, 251; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 501; International & G. N. Ry. Co. v. Neff, 87 Texas, 308; Gulf, C. & S. F. Ry. Co. v. Moore, 69 Texas, 160; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 57-58; Railway v. Ives, 12 Sup. Ct. Rep., 679; Railway v. Powers, 13 Sup. Ct. Rep., 748; Lee v. International & G. N. Ry., 89 Texas, 583; Brown v. Griffin, 71 Texas, 654; Frugia v. Texarkana & Ft. S. Ry., 36 Texas Civ. App., 648; Galveston, H. & S. A. Ry. Co. v. Huebner, 42 S. W. Rep., 1021; Galveston, H. & S. A. Ry. Co. v. Eaten, 44 S. W. Rep., 562; Missouri, K. & T. Ry. Co. v. Oslin, 63 S. W. Rep., 1041; Gulf, C. & S. F. Ry. Co. v. Wagley, 15 Texas Civ. App., 313; Galveston, H. & S. A. Ry. Co. v. Tirres, 76 S. W. Rep., 806; Missouri, K. & T. Ry. Co. v. Cox, 27 S. W. Rep., 1050; International & G. N. Ry. Co. v. Starling, 16 Texas Civ. App., 365; Houston & T. C. Ry. Co. v. Laskowski, 47 S. W. Rep., 59.

The plaintiff had once when right at the crossing, before attempting to drive across, stopped and looked and listened to ascertain if it were safe to do so; and, as it appeared to him then, no cars were moving in the yards and he could safely cross; and he was traveling from there on in an ordinary gait, about 4 miles an hour, and had not gone over 70 feet from where he stopped and looked and listened to where he was when he was struck by the cars, it had not been 14 seconds when he was struck since he had stopped and looked and listened and thought it safe to cross, and it was for the jury to say whether he was guilty of contributory negligence in not looking again during that time. Gulf, C. & S. F. Ry. Co. v. Greenlee, 70 Texas, 561; Railway v. Ives, 12 Sup. Ct. Rep., 679; Galveston, H. & S. A. Ry. Co. v. Huebner, 42 S. W. Rep., 1021; Galveston, H. & S. A. Ry. Co. v. Eaten, 44 S. W. Rep., 562.

The testimony of a witness on a former trial can be read in evidence when the whereabouts of said witness are unknown, and he can not be found after diligent search, and where he was duly sworn, and cross-examined at said former trial. Cooper v. Ford, 69 S. W. Rep., 490; Houston v. Blythe, 60 Texas, 512; Dwyer v. Bassett, 1 Texas Civ. App., 515; Houston & T. C. Ry. v. Smith, 51 S. W. Rep., 508; 1 Greenleaf on Ev., secs. 163-166; 1 Wharton on Ev., secs. 178-179; 2 Wigmore on Ev., secs. 1396 to 1407, inclusive; Sullivan v. State, 6 Texas Crim. App., 319; Evans v. State, 12 Texas Crim. App., 370; Cowell v. State, 16 Texas Crim. App., 60; Smith v. State, 73 S. W. Rep., 402-403; Stringfellow v. State, 61 S. W. Rep., 719; Porch v. State, 50 Texas Crim. Rep., 335; State v. McNamara, 30 S. W. Rep., 763 (Ark.); Vaughan v. State, 24 S. W. Rep., 885 (Ark.); Thompson v. State, 17 So. Rep., 514 (Ala.); Lowe v. State, 5 So. Rep., 435 (Ala.); Mitchell v. State, 22 So. Rep., 71 (Ala.); Birmingham Nat'l Bank v. Bradley, 30 So. Rep., 546 (Ala.); Pruitt v. State, 9 So. Rep., 406

(Ala.); Burton v. State, 18 So. Rep., 240 (Ala.); Powell v. Manson, 22 Grat., 177 (Va.); Augusta Wine Co. v. Weippert, 14 Mo. App., 483; Ballman v. Heron, 169 Pa. St., 510; 32 Atl., 594; Giberson v. Patterson Mills Co., 187 Pa. St., 513; 41 Atl. Rep., 525; Perrin v. Wells, 155 Pa. St., 299; 26 Atl. Rep., 543; Thornton v. Britton, 22 Atl. Rep., 1048; Molloy v. U. S. Exp. Co., 22 Pa. Super. Ct., 173; Knights of Pythias Benev. Ass'n v. Leadbetter, 2 Pa. Super. Ct., 461; Reynolds v. United States, 98 U. S., 145; L. C. P. ed., Bk. 25, p. 244; Pilie v. Kenner, 2 Rob., 95 (La.); Clossman v. Barbancy, 7 Rob., 438 (La.); State v. New Orleans Waterworks, 107 La., 1; 31 So. Rep., 395; Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co., 53 N. W. Rep., 639; Spaulding v. Chicago, St. P. & K. C. Ry. Co., 67 N. W. Rep., 227 (Iowa); Chicago, St. P., M. & O. Ry. Co. v. Myers, 25 C. C. A., 486; 80 Fed. Rep., 361; Mechanics Bank v. Woodward, 74 Conn., 689; 51 Atl. Rep., 1084; McGovern v. Smith, 75 Vt., 104; 53 Atl. Rep., 326; Owen v. Palmour, 111 Ga., 885; 36 S. E. Rep., 969; Atchison, T. & S. F. Ry. Co. v. Osborn, 67 Pac., 547 (Kan.); Louisville Water Co. v. Upton, 36 S. W. Rep., 520 (Ky.); Reynolds v. Powers, 29 S. W. Rep., 299 (Ky.); Wheeler v. McFeron, 62 Pac. Rep., 1015 (Or.); Wheeler v. Jenison, 79 N. W. Rep., 643; City of Omaha v. Jensen, 52 N. W. Rep., 833 (Neb.); Labar v. Crane, 56 Mich., 585; 23 N. W. Rep., 323; Hudson v. Roos, 76 Mich., 173; 42 N. W. Rep., 1099; Starkie on Evidence (10th ed.), 409; 16 Cyc., 1088, 1096, 1106, 1108, 1110, and authorities.

*E. B. Perkins* and *Glass, Estes & King,* for defendant in error.— The testimony of a witness, given on a former trial of the same case, can not be read in evidence, over objection, without showing that said witness is dead or has since said trial become incapacitated from testifying. Berney v. Mitchell, 34 N. J. L., 337; Meyer v. Roth, 51 Cal., 582; Butcher v. Vaca Valley Ry., 56 Cal., 598; Cassidy v. Trustees, 105 Ill., 560; Plano Mfg. Co. v. Parmenter, 56 Ill. App., 258; Heminway v. Porter, 94 Ill. App., 609; Case v. Blood, 71 Iowa, 632; Wilder v. City St. Paul, 12 Minn., 192; Wittenberg v. Mollyneaux, 59 Neb., 203; Baldwin v. Ry., 68 Iowa, 37; Wood v. Keyes, 14 Allen, 236; Ward v. Dow, 44 N. H., 45; Philadelphia & R. Ry. v. Spearen, 47 Pa. St., 300.

Where one in the possession of all his senses, knowing that cars were likely to be approaching on a railroad track, drives onto said track immediately in front of such cars, when by looking, he could have seen the cars in time to have avoided going on the track, he is guilty of contributory negligence as a matter of law. Sabine & E. T. Ry. v. Dean, 76 Texas, 73; Bennett v. St. Louis S. W. Ry., 36 Texas Civ. App., 459; St. Louis, S. W. Ry. v. Arnold, 39 Texas Civ. App., 161; St. Louis, S. F. Ry. v. Chapman, 140 Fed. Rep., 129; St. Louis, I. M. & So. Ry. v. Tippett, 56 Ark., 458; Martin v. Little Rock, etc., Ry., 62 Ark., 159.

It is the duty of a person approaching a railroad track on a public road, or street, to use ordinary care to avoid injury to himself, and to avoid going on the track immediately in front of

and close to approaching trains or cars. Where the view is unobstructed, and there is nothing to prevent one from seeing approaching trains or cars, and he fails to look for same, and drives on the track, immediately in front of same and is injured, he is guilty of contributory negligence, as a matter of fact and law, and can not recover. Sabine & E. T. Ry. v. Dean, 76 Texas, 73; Bennett v. St. Louis S. W. Ry., 36 Texas Civ. App., 459; Gulf, C. & S. F. Ry. v. Younger, 40 S. W. Rep., 423; Houston & T. C. Ry. v. Patterson, 20 Texas Civ. App., 260; Gulf, C. & S. F. Ry. v. Moss, 23 S. W. Rep., 475; Gulf, C. & S. F. Ry. v. Scott, 27 S. W. Rep., 827; Texas & N. O. Ry. v. Brown, 2 Texas Civ. App., 283; Gulf, C. & S. F. Ry. v. Hamilton, 17 Texas Civ. App., 85; St. Louis S. W. Ry. v. Arnold, 39 Texas Civ. App., 161; St. Louis S. F. Ry. v. Chapman, 140 Fed., 129; St. Louis, I. M. & So. Ry. v. Tippett, 56 Ark., 458; St. Louis, I. M. & S. Ry. v. Ross, 56 Ark., 223; Martin v. Little Rock Ry., 62 Ark., 159.

That the findings of fact by the Court of Civil Appeals are conclusive and binding upon the Supreme Court, is decided and affirmed in the following cases: Gulf, C. & S. F. Ry. v. Cannon, 88 Texas, 314; Beer v. Landman, 88 Texas, 450; Texas & N. O. Ry. v. Echols, 87 Texas, 339; Texas & P. Ry. v. Levine, 87 Texas, 437.

We especially invite the Court's attention to the cases of Sabine & E. T. Ry. v. Dean, 76 Texas, 73, and Bennett v. St. Louis S. W. Ry., 36 Texas Civ. App., 459; St. Louis S. W. Ry. v. Arnold, 39 Texas Civ. App., 161; St. Louis S. F. Ry. v. Chapman, 140 Fed., 129; St. Louis, I. M. & S. Ry. v. Tippett, 56 Ark., 458; Martin v. Little Rock Ry., 62 Ark., 159; International & G. N. Ry. v. Edwards, 100 Texas, 22; Butler v. Gettysburg, etc., Ry., 126 Pa. St., 160; Houston & T. C. Ry. Co. v. Kauffman, 101 S. W. Rep., 817.

MR. JUSTICE BROWN delivered the opinion of the court.

William Boyd sued the railway company in the District Court of Bowie County to recover for injuries received in the yard of the company at the city of Texarkana. For the purposes of deciding the question presented to us upon this writ of error the following statement will be sufficient.

The St. Louis Southwestern Railway Company of Texas maintained at Texarkana, in Texas, a system of side tracks, or switches, consisting of nineteen tracks which crossed Oak Street from east to west and were numbered from one, on the north side, to nineteen, inclusive, on the south. Many cars were stored upon these tracks upon both sides of Oak Street and engines were frequently moving the cars across that street in both directions. There were on the occasion when this injury occurred a number of cars on different tracks on each side of the street. Oak Street extends from the business part of the city of Texarkana southward across this system of tracks and is the only street by which one, who desires to go from the northern part of the city to that part south of the railroad tracks, can pass, unless they go some distance into

Arkansas. Oak Street was a public street of the city of Texarkana and traveled by all persons who desired to pass from the city on the north of the system to that part on the south. At or near track No. Twelve, on or near Oak Street, there was an electric light burning that night. An engine was attached to five or six cars in the western part of the yard and moving them backward on thirteenth track toward Oak Street to place them on the east side of the street. There were no lights on the rear part of the cars, nor was there any person on that part of the car to keep a lookout for persons who might be crossing the street.

Boyd was a hackdriver and had a hack with a high seat in front with a light on each side. He testified that he had been engaged to go with his hack to the south side of the railroad yard to carry a note; that he had frequently passed over that yard on Oak Street and that on that night he drove down the street across the yard to the point of his destination and saw no moving cars or engine on either side as he went down, but heard some at a distance on the western part of the yard. After performing his errand Boyd started to return and on his way back he heard an engine in the western part of the yard and a sound like cars bumping together; he saw lanterns which he took to be lanterns used by brakemen in switching the cars. When he had on previous occasions passed through the yard at night he had always seen some one at or near the street to give warning of the approach of any cars, if there were any cars moving at that time. On this occasion there was no such person on or near the street. When he reached a point near the nineteenth track and before he entered upon the system of tracks he stopped and looked and listened, looking in both directions, east and west, and listened for any cars but saw no moving cars and heard no bell sounded nor whistle blown. He then started to cross the track going northward and did not look to the right nor to the left but straight ahead driving his team, realizing that it was a place of danger. He had driven something like fifty feet or more when he reached thirteenth track and the cars which were being moved from west to east struck the front part of his hack and caused his injuries. He saw no one near the track and no one gave him any warning of the approach of the train. The engine which was pushing the cars that struck Boyd had the headlight turned toward the west so that it did not show upon Oak Street. Boyd testified that he did not remember seeing that the electric light was burning. There was no moon shining that night and it was not clear but cloudy a little. Some box cars were standing on twelfth track near to the west side of Oak Street and extended westward. If, when Boyd got between seventeenth and thirteenth tracks, he had stopped and looked westward he could have seen cars at a considerable distance.

It was the duty of Boyd when he approached the crossing of the railway company's yard on Oak Street to use ordinary care to discover and to avoid collision with cars or engines which might be moving across the street. A failure on his part to use ordinary care would defeat his action, but the burden of proof was upon

the railroad company to establish the negligence of Boyd, relied upon by it, and, in order to authorize the Court of Civil Appeals to render the judgment, the proof of such negligence must be so conclusive that reasonable minds could not differ as to the conclusion to be drawn therefrom. (Wallace v. Southern Cotton Oil Co., 91 Texas, 22.) After a careful examination of the facts we are of opinion that the evidence in this case was not of the conclusive character necessary to establish the negligence of Boyd as a matter of law and to authorize the Court of Civil Appeals, after reversing the judgment, to enter judgment in favor of the railroad company.

Before entering upon the system of tracks which constituted the railroad company's yard in Texarkana Boyd halted his team, listened and looked on both sides of the street but neither saw nor heard an engine or cars so near to the street as to indicate that they were likely to cross it. This was an act of precaution which a man of ordinary prudence would have exercised. Starting forward upon the tracks and looking in the direction that his team was going, where he knew there were many cars on each side of the street, Boyd failed to look to the east or the west for fifteen seconds, at which time he was struck by the cars. Can it be said that a man, who had already done what the law prescribes as ordinary care, would be negligent in looking in the direction that he was going for fifteen seconds in which he moved seventy feet? It was as necessary for him to look in the direction he was driving as on the sides of the street, for danger lay on each side and in front of him. It is enough for us to say in this connection that Boyd was not guilty of negligence as a matter of law and therefore was entitled to the verdict of a jury upon the question of his negligence.

The Court of Civil Appeals cites International & G. N. R. Co. v. Edwards, 100 Texas, 22; 15 Texas Ct. Rep., 681, in support of its conclusion. In the Edwards case the injured party upon approaching a crossing over a railroad track with which he was perfectly familiar and knowing that trains frequently passed, failed either to look or to listen, and testified that if he had done either he could have heard or seen the train before he stepped upon the track. Edwards took no precaution whatever to protect himself and therefore was not entitled to a recovery although the railroad company was guilty of negligence in failing to blow the whistle. Boyd took just such precaution before entering upon the tracks as a prudent man would have taken under like circumstances, and acting upon the testimony of his senses, entered upon the yard. A jury might well conclude that the prudent thing to do was to look out ahead as well as at the sides of the street. The distinction is so clear that to state the facts shows the decision in the Edwards case to be inapplicable to the facts of this case.

At the trial the plaintiff's counsel offered in evidence the cross-examination of the witness, Lytle, given on a former trial, which was objected to by the defendant's counsel because (1) the evidence was hearsay; (2) because it had not been shown that the witness was dead or beyond the jurisdiction of the court, and that

no sufficient diligence had been shown to authorize the introduction of the testimony. Counsel for the plaintiff introduced evidence showing that a short time after the preceding trial the witness, Lytle, left Texarkana and said that he was going to a point in Arkansas; that counsel for the plaintiff had written a letter to that place addressed to Lytle which had been returned and that he had subsequently learned that Lytle had gone to Birmingham. Counsel then addressed a letter to him at Birmingham, which was likewise returned. Then counsel made inquiry of various persons, acquaintances of Lytle during his former residence at Texarkana, but was unable to locate him. It is unnecessary for us to determine whether this was a sufficient showing of diligence or not, as that question will not probably arise at another trial and is largely addressed to the discretion of the trial judge. Counsel for both parties have requested that we should pass upon the admissibility of the testimony of Lytle given at a former trial and we deem it proper to announce the following rule to govern in admitting such evidence. The proper predicate being laid to show that Lytle's whereabouts is unknown and that diligent search has been made to ascertain where he is, the evidence to prove what he testified to on a former trial should be admitted.

The evidence showed that at the former trial the railroad company examined Lytle as a witness and he was then cross-examined by counsel for the plaintiff, therefore, the evidence was admissible if the absence and inability to locate the witness be properly shown. This testimony was taken down under the law which authorizes the appointment of a court stenographer. The stenographer who took down the testimony of Lytle and subsequently wrote it out in narrative form according to the requirements of the statute was regularly appointed and acted officially. Under such circumstances there is much less objection to the reproduction of this character of testimony than there would be where it depends upon the memory of a witness. The accuracy as to what the witness said and the certainty of getting all that he said upon the same subject justify the admission of the evidence in order to facilitate the administration of justice.

Counsel for defendant in error urge in this court that plaintiff could not introduce a part of the evidence of Lytle but must produce all of it. The objection made at the trial does not embrace that matter, therefore, this court has no jurisdiction to determine the question.

The action of the Court of Civil Appeals in rendering judgment against Boyd is reversed and its judgment reversing the judgment of the District Court is affirmed. The case will be remanded to the District Court.

*Reversed and remanded.*