St. Louis Southwestern Railway Company of Texas v. William Boyd.

Decided May 13, June 3, 1909.

**1.—Evidence—Negligence—Railway Crossings—Watchman.**

Testimony of plaintiff, a hackman suing for injuries by collision at a street crossing with cars backed by a switch engine across same at night and having no switchman on the rear car or watchman at the crossing, that on previous occasions when he undertook to cross the track at this place while switching was being done there would be someone there to tell him when to cross, was admissible both upon the issue of defendant's negligence and that of contributory negligence by plaintiff. Pleading held sufficient to support introduction of such evidence.

**2.—Evidence—Absent Witness—Testimony on Former Trial.**

The stenographer's report of the testimony given upon a former trial by an absent witness as embraced in the statement of facts held properly admissible upon a showing that he had been absent for three years and his whereabouts unascertainable.

**3.—Evidence—Negligence—Switching Cars—Opinion of Expert.**

On the issue of negligence of a railway company in failure to provide for warning to the driver of a vehicle over a railway crossing by a watchman or switchman upon the rear of cars being backed over such crossing at night, testimony of a switchman as to the custom and necessity of having a switchman upon the rear of such cars to give warning of their approach to the crossing was admissible, such issue being a proper one for the opinion of experts.

**4.—Contributory Negligence—Railway—Street Crossing—Stopping to Look and Listen—Requested Charge.**

A requested instruction submitting the issue of contributory negligence on the part of the driver of a carriage, who had stopped to look and listen on approaching a railway crossing, in failing to again stop, look and listen at a point where the track on which cars were moving first became open to his observation, held properly refused on the ground that same was sufficiently covered by other instructions given.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

For opinions of previous appeals on this case see 40 Texas Civ. App., 93, 105 S. W., 519, and 101 Texas, 411.

*E. B. Perkins, D. Upthegrove* and *Glass, Estes & King,* for appellant.—The testimony of plaintiffs as to the presence of switchmen

or watchmen on the crossing on previous occasions was inadmissible on the issue of defendant's negligence.  Texas Loan & Trust Co. v. Angel, 39 Texas Civ. App., 166; Gulf, C. & S. F. Ry. Co. v. Holt, 30 Texas Civ. App., 330; Halsell v. Decatur C. Oil Co., 36 S. W., 848; Mutual, etc., Ins. Co. v. Baker, 31 S. W., 1074.

It was not shown that the witness Lytle was beyond the jurisdiction of the court or that he was dead or that he had become incapacitated from testifying; and it is not shown that his testimony can not be had by deposition or by the personal presence of said witness.  Also there is better evidence of what the witness testified to, to wit: the questions propounded to and the answers of said witness, as taken down in shorthand upon said former trial, and therefore the statement of facts purporting to contain his testimony is secondary evidence; and the absence of the original notes containing the said questions and answers is not accounted for, and it is not shown that they are lost or destroyed and can not be found by proper search therefor.  Prewitt v. Southwestern T. & T. Co. 46 Texas Civ. App., 123; 16 Cyc., 1095, 1098; Reynolds v. Fitzpatrick, 72 Pac., 510; Houston & T. C. Ry. v. Smith, 51 S. W., 506; Berney v. Mitchell, 34 N. J. L., 337; Mutual Life, etc., Co. v. Anthony, 50 N. H., 101; Meyer v. Roth, 51 Cal., 582; Butcher v. Railway Co., 56 Cal., 598; Cassidy v. Trustee, 105 Ill., 560; Plano Mfg. Co. v. Parmenter, 56 Ill., 258; Case v. Blood, 71 Iowa, 632; Wilder v. St. Paul, 12 Minn., 192; Wittenberg v. Mollyneaux, 59 Neb., 203; Wood v. Keys, 14 Allen, 236; Ward v. Dow, 44 N. H., 45; Railway Co. v. Spearman, 47 Pa. St., 300.

The admission of Lytle's testimony is erroneous because it is the statement of an opinion and conclusion of said witness.  Williams v. Davis, 56 Texas, 254; Bailey v. Chapman, 15 Texas Civ. App., 240; Houston & T. C. Ry. Co. v. Smith, 52 Texas, 186; Prather v. McLellan, 76 Texas, 588; Harris v. Nations, 79 Texas, 413; Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 246; Shelly v. City of Austin, 74 Texas, 611; Gulf, C. & S. F. Ry. Co. v. Rowland, 82 Texas, 166; Rankin v. Bell, 85 Texas, 32; Ross v. Kornrumph, 64 Texas, 396.

The overruling of appellant's motion for a new trial was erroneous.  Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 73; Bennett v. Railway Co., 10 Texas Ct. Rep., 719; Gulf, C. & S. F. Ry. Co. v. Younger, 40 S. W., 423; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 255; Ft. Worth v. R. G. Ry. Co. v. Robinson, 37 Texas Civ. App., 465; Gulf, C. & S. F. Ry. Co. v. Moss, 4 Texas Civ. App., 318; Gulf, C. & S. F. Ry. Co. v. Scott, 27 S. W., 827; Texas & N. O. Ry. Co. v. Brown, 2 Texas Civ. App., 281; Gulf, C. & S. F. Ry. Co. v. Hamilton, 42 S. W., 358, 17 Texas Civ. App., 76; St. Louis S. W. Ry. Co. v. Arnold, 87 S. W., 176; Railway Co. v. Chapman, 140 Fed., 129; Railway Co. v. Trippett, 56 Ark., 458; Railway Co. v. Ross, 56 Ark., 223; Martin v. Railway Co., 62 Ark., 159; International & G. N. Ry. Co. v. Edwards, 100 Texas, 22; Boyd v. St. Louis S. W. Ry. Co., 101 Texas, 411.

*C. B. Randell, J. H. Wood* and *Horace W. Vaughan,* for appellee.

—It is unnecessary to plead evidence. Houston & T. C. Ry. v. Shafer, 56 Texas, 646; Gulf, C. & S. F. Ry. v. Smith, 26 S. W., 645; Green's Texas Dig., vol. 4, Pleading, sec. 10.

The evidence tended to prove the fact alleged, that it was negligence not to have a watchman. Ft. Worth & D. C. Ry. v. Smith, 39 Texas Civ. App., 92; Boyd v. St. Louis S. W. Ry., 101 Texas, 411; International & G. N. Ry. Co. v. Kuehn, 2 Texas Civ. App., 218-19; Gulf, C. & S. F. Ry. Co. v. Boyce, 39 Texas Civ. App., 195; Railway Co. v. Harper, 114 S. W., 1168; Railway Co. v. Collins, 57 S. W., 384; Railway Co. v. Pitts, 42 S. W., 255; Galveston, H. & S. A. Ry. Co. v. Briggs, 4 Texas Civ. App., 515; Railway Co. v. Still, 100 S. W., 182; Gallaway v. Railway Co., 78 S. W., 33; Missouri, K. & T. Ry. Co. v. Schilling, 75 S. W., 65-67, 32 Texas Civ. App., 417; San Antonio & A. P. Ry. Co. v. Engelhorn, 62 S. W., 561, 24 Texas Civ. App., 324; Railway Co. v. Magee, 49 S. W., 159; Missouri, K. & T. Ry. Co. v. Magee, 92 Texas, 620; N. Chicago St. Ry. v. Irwin, 60 N. E., 1077.

Lytle was beyond the jurisdiction of the court, and neither his appearance as a witness nor his deposition could be obtained. Boyd v. St. Louis S. W. Ry. Co. (this case on former appeal), 101 Texas, 411; Cooper v. Ford, 69 S. W., 490; Houston v. Blythe, 60 Texas, 512; Dwyer v. Bassett, 1 Texas Civ. App., 515; Railway Co. v. Smith, 51 S. W., 508; 1 Greenleaf on Ev., secs. 163-166; 1 Wharton on Ev., secs. 178-179; 2 Wigmore on Ev., secs. 1396 to 1407, inclusive; Sullivan v. State, 6 Texas App., 319; Evans v. State, 12 Texas App., 370; Cowell v. State, 16 Texas App., 60; Smith v. State, 73 S. W., 402-403; Stringfellow v. State, 42 Texas Crim., 588; Porch v. State, 18 Texas Ct. Rep., 761; State v. McNamara, 30 S. W., 763 (Ark.); Vaughan v. State, 24 S. W., 885 (Ark.); Thompson v. State, 17 So., 514 (Ala.); Lowe v. State, 5 So., 435 (Ala.); Mitchell v. State, 22 So., 71 (Ala.); Birmingham Nat'l Bank v. Bradley, 30 So., 546 (Ala.); Pruit v. State, 9 So., 406 (Ala.); Burton v. State, 18 So., 240 (Ala.); Powell v. Manson, 22 Grat., 177; Augusta Wine Co. v. Weippert, 14 Mo. App., 483; Ballman v. Heron, 169 Pa. St., 510; Giberson v. Patterson Mills Co., 187 Pa. St., 513; Perrin v. Wells, 155 Pa. St., 299; Thornton v. Britton, 22 Atl., 1048; Molloy v. U. S. Exp. Co., 22 Pa. Super. Ct., 173; Knights of Pythias Benev. Ass'n v. Leadbetter, 2 Pa. Super. Ct., 461; Reynolds v. United States, 98 U. S., 145; Pilie v. Kenner, 2 Rob., 95 (La.); Clossman v. Barbancey, 7 Rob., 438 (La.); State v. New Orleans Waterworks, 107 La. Ann., 1; Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co., 53 N. W., 639; Spaulding v. Chicago, St. P. & K. C. Ry. Co., 67 N. W., 227 (Iowa); Chicago, St. P., M. & O. Ry. Co. v. Myers, 25 C. C. A., 486, 80 Fed., 361; Mechanics Bank v. Woodward, 74 Conn., 698; McGovern v. Smith, 75 Vt., 104; Owens v. Palmour, 111 Ga., 885; Atchison, T. & S. F. Ry. Co. v. Osborn, 67 Pac., 547 (Kan.); Louisville Water Co. v. Upton, 36 S. W., 520 (Ky.); Reynolds v. Powers, 29 S. W., 299 (Ky.); Wheeler v. McFeron, 62 Pac., 1015 (Or.); Wheeler v. Jenison, 79 N. W., 643; City of Omaha v. Jensen, 52 N. W., 883 (Neb.); Labor v. Crane, 56 Mich., 585, 23 N. W.,

323; Hudson v. Ross, 76 Mich., 173; Starkie on Evidence (10th ed.), 409; 16 Cyc., 1088, 1096, 1106, 1108, 1110, and authorities.

Objection that the evidence of Lytle was the conclusion and opinion of the said witness, is insufficient because said evidence is such as a qualified witness may state as his opinion. Kirby Lbr. Co. v. Chambers, 95 S. W., 610; Railway Co. v. Brown, 59 S. W., 930; Railway Co. v. Byers, 70 S. W., 558; Railway Co. v. Anchonda, 75 S. W., 537; Long v. Railway Co., 85 S. W., 1048; Railway Co. v. Smith, 90 S. W., 926; Railway Co. v. Matthews, 66 S. W., 588.

The question of contributory negligence was for the jury. Railway Co. v. Murphy, 46 Texas, 336; Railway Co. v. Waller, 56 Texas, 331; Railway Co. v. Wright, 62 Texas, 517; Railway Co. v. Greenlee, 70 Texas, 561; Railway Co. v. Chapman, 57 Texas, 82; Railway Co. v. Wilson, 60 Texas, 142; Railway Co. v. Profert, 72 Texas, 344; Railway Co. v. Anderson, 76 Texas, 251; Railway Co. v. Lee, 70 Texas, 501; Railway Co. v. Neff, 87 Texas, 308; Railway Co. v. Moore, 69 Texas, 160; Railway Co. v. Rogers, 91 Texas, 57-8; Railway Co. v. Ives, 12 Sup. Ct. Rep., 679; Railway Co. v. Powers, 13 Sup. Ct. Rep., 748; Brown v. Griffin, 71 Texas, 654; Frugia v. Ry., 82 S. W., 814; Railway Co. v. Huebner, 42 S. W., 1021; Railway Co. v. Eton, 44 S. W., 562; Railway Co. v. Oslin, 63 S. W., 1041; Railway Co. v. Wagley, 15 Texas Civ. App., 308; Railway Co. v. Tirres, 33 Texas Civ. App., 362; Railway Co. v. Cox, 27 S. W., 1050; Railway Co. v. Starling, 16 Texas Civ. App., 365; Railway Co. v. Laskowki, 47 S. W., 59.

HODGES, ASSOCIATE JUSTICE.—This is the third appeal of this case. Upon the last appeal it was reversed and rendered by the Court of Civil Appeals of the Third Supreme Judicial District (105 S. W., 519), but upon a writ of error the Supreme Court reversed that ruling and remanded the cause (101 Texas, 411; 108 S. W., 813). The case was again tried in the District Court of Bowie County, resulting in a judgment in favor of the appellee for damages in the sum of $7500, from which the present appeal is prosecuted.

The facts in the case are substantially stated in the opinion of the Supreme Court upon the former trial, and of which we content ourselves with a reproduction: "The St. Louis Southwestern Railway Company of Texas maintained at Texarkana, in Texas, a system of sidetracks, or switches, consisting of nineteen tracks, which crossed Oak Street from east to west, and were numbered from one on the north side to nineteen, inclusive, on the south. Many cars were stored upon these tracks upon both sides of Oak Street, and engines were frequently moving the cars across that street in both directions. There were on the occasion when this injury occurred a number of cars on different tracks on each side of the street. Oak Street extends from the business part of the city of Texarkana southward across this system of tracks, and is the only street by which one who desires to go from the northern part of the city to that part south of the railroad tracks can pass, unless they go some distance into Arkansas. Oak Street was a public street of the city of Texarkana

and traveled by all persons who desired to pass from the city on the north of the system to that part on the south. At or near track No. 12, on or near Oak Street, there was an electric light burning that night. An engine was attached to five or six cars in the western part of the yard, and moving them backward on thirteenth track toward Oak Street to place them on the east side of the street. There were no lights on the rear part of the cars, nor was there any person on that part of the car to keep a lookout for persons who might be crossing the street. Boyd was a hack driver, and had a hack with a high seat in front with a light on each side. He testified that he had been engaged to go with his hack to the south side of the railroad yard to carry a note; that he had frequently passed over that yard on Oak Street, and that on that night he drove down the street across the yard to the point of his destination, and saw no moving cars or engine on either side as he went down, but heard some at a distance on the western part of the yard. After performing his errand Boyd started to return, and on his way back he heard an engine in the western part of the yard, and a sound like cars bumping together. When he had on previous occasions passed through the yard at night he had always seen someone at or near the street to give warning of the approach of any cars, if there were any cars moving at that time. On this occasion there was no such person on or near the street. When he reached a point near the nineteenth track, and before he entered upon the system of tracks, he stopped and looked and listened, looking in both directions, east and west, and listened for any cars, but saw no moving cars, and heard no bell sounded nor whistle blown. He then started to cross the track going northward, and did not look to the right nor to the left, but straight ahead, driving his team, realizing that it was a place of danger. He had driven something like fifty feet or more when he reached thirteenth track, and the cars which were being moved from west to east struck the front part of his hack and caused his injuries. He saw no one near the track, and no one gave him any warning of the approach of the train. The engine which was pushing the cars that struck Boyd had the headlight turned toward the west, so that it did not show upon Oak Street. Boyd testified that he did not remember seeing that the electric light was burning. There was no moon shining that night; and it was not clear, but cloudy a little. Some box cars were standing on twelfth track near to the west side of Oak Street, and extended westward. If, when Boyd got between seventeenth and thirteenth tracks, he had stopped and looked westward he could have seen cars at a considerable distance."

Objection is made to the testimony of Boyd, that on previous occasions when he undertook to cross the tracks at this place, while any switching was being done, there would be someone there to tell him when to cross. In this connection the appellant requested a special charge instructing the jury that they could not consider this testimony in determining whether the appellant was guilty of negligence in failing to keep a watchman at that crossing. The admission of this testimony, the refusal of the special charge, and the

failure of the court to limit the purpose for which the jury might consider Boyd's statements are complained of in the first, second and third assignments of error. The testimony was, we think, clearly admissible, both upon the issue of contributory negligence by the plaintiff and the question of negligence of defendant in failing to keep a watchman at the crossing upon this occasion. International & G. N. Ry. Co. v. Woodward, 26 Texas Civ. App., 389, 63 S. W., 1051; Pittsburg, C. & St. L. Ry. Co. v. Yundt, 78 Ind., 373, 41 Am. Rep., 580; 10 Ency. Evid., pp. 472-474, and cases cited in notes. There was no error in the ruling complained of, nor in the failure to limit the testimony as requested.

On a former trial J. F. Lytle, the foreman of the switching crew which was operating in the yards on the night the appellee was injured, testified as a witness for the appellant. A report was made of his testimony on both the direct and cross-examination, by the official stenographer. On the last trial in the court below, as well as on the one preceding, this report was introduced and used by the appellee, over the objection of the appellant. The objection was based upon the contention that no sufficient predicate for its introduction was laid. It seems that after the first trial, which occurred in 1905, Lytle disappeared from Texarkana, where he then resided, having left the employ of the appellant company. Considerable inquiry was made by counsel for appellee to ascertain his whereabouts, but without success. Upon the second trial the stenographer's report of his testimony was used, and in discussing the objections there made to its use the Supreme Court lays down the rule adopted in this State for the admission of that character of testimony in the following language: "The proper predicate being laid to show that Lytle's whereabouts is unknown and that diligent search has been made to ascertain where he is, the evidence to prove what he testified to on a former trial should be admitted." (101 Texas, 411, 108 S. W., 813.) The court, however, declined to pass upon the sufficiency of the predicate laid in that case, giving as a reason that the same conditions would not probably arise upon another trial. Without undertaking to state the full extent of the effort made to discover the whereabouts of Lytle, or the diligence used to bring him into court as a witness, we think it is sufficient to say that a proper predicate was laid. He had been absent nearly three years, and no one seemed to know where he was. This, we think, was a strong fact tending to show that he was beyond the jurisdiction of the court. The sufficiency of the predicate is a matter resting largely in the discretion of the trial court, and we do not think in this case that discretion was abused in the admission of this testimony.

Assignments numbers five to ten, inclusive, all present questions which involve practically the same legal propositions. They complain of the admission of the following testimony elicited from Lytle on cross-examination upon a former trial, and which was produced upon the last trial from the stenographer's notes and admitted over the objection of the appellant: "I say that there ought to have been a switchman riding that car, and had a light, because that is a long field, and the switchman's duty, that is, to protect it from running

into other cars or running into anything. His place would be on the rear end of that train. The cars ought to be under control, and a man ought to be on there with a lantern looking out for the cars. That, method is used for the protection of cars and property and everything else, and travel. The switchman on the rear end of a string of cars is to keep them from running into anything or anybody. They are liable to run into something or somebody using the crossing if they have not got a man to look out there. His position as a switchman would put him on the rear end. He could see better there, and notice approaching parties or approaching vehicles, wagons, etc. He could see better. And then he would be in a position to give a signal, and, the cars being under control, to stop them. It would be the duty of the engineer and fireman to be watching for that signal, and therefore not to go back there until they were signaled to go by the rear end." It was also shown by this witness that no switchman was on the rear end, and no light was there; that the only light which was there to indicate the presence of a train was the electric lamp which hung a short distance from where the accident occurred. The specific objections urged in the various assignments mentioned are, that there were no pleadings upon which to base this testimony; that it was argumentative, and the opinion of the witness. The appellee charged, among others, the following grounds of negligence: (1) That there was no watchman kept at that crossing; (2) that the agents and servants of the appellant were guilty of negligence in moving said cars towards this crossing without using ordinary care to keep a proper lookout for persons traveling on that crossing, to avoid injuring them; (3) that said agents and servants did negligently push cars towards Oak Street crossing at a negligent rate of speed, and failed to signal the approaching cars so that persons traveling Oak Street might know that the cars were approaching; (4) that the agents and servants of the appellant negligently failed to provide a light upon said cars that were approaching said crossing, so that people traveling Oak Street might be apprised of the approach of said cars; (5) that the agents and servants of appellant negligently failed to ring the bell and blow the whistle, and failed to give any other warning of the approach of the car that ran over the appellee. We do not think, in view of the allegations of negligence, that this testimony was subject to the objection that there were no pleadings upon which it might have been based. The averments that the appellant was guilty of negligence in moving its cars over the crossing on Oak Street without keeping a proper lookout and without having a light on the end of the car, we think are sufficiently broad to admit testimony to the effect that this was not done and that such failure was a negligent omission of a duty under the conditions there existing. It is true that the testimony was the opinion of the witness, but his position as foreman of a switching crew would indicate that he was an experienced railroad man; and no objection was urged upon the ground that he was not an expert in his line of business. If he was, then his opinion was admissible, provided the subject matter about which he testified was such as to admit of opinion evidence. The allega-

tion of the petition that· the cars were negligently pushed over the crossing without keeping a lookout, while general in its terms, is very comprehensive, and admits a broad range of the evidence. The position of the engineer and fireman on the train being backed was such that they would have either no view of the crossing or but an imperfect one. They might have done their utmost to observe persons approaching the track, but, on account of intervening cars, failed to do so. The question would then arise, should not some other employe have been stationed at the rear end of the backing cars for the purpose of keeping a lookout for just such conditions as arose in this instance? It was shown that no one ·was there on the end of the train being .backed who could give warning of the approach of the cars, or signal the engineer in case of an emergency. We know of no better method of proving that this failure to have a man thus located is negligence than the testimony of one competent to say what the duty of the switchman was under such conditions. Lytle did not say this would constitute a failure to exercise ordinary care, but that a switchman should· have been on the end of the front car, presumably basing his opinion upon what would be done under· such circumstances by prudent railroad men. Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 300; Long v. Red River, T. & S. Ry. Co., 85 S. W., 1048; St. Louis & S. F. Ry. Co. v. Smith, 90 S. W., 926; Riefsnyder v. Chicago, M. & St. P. Ry. Co., 90 Iowa, 76, 57 N. W., 692. In the first case cited the court said: "Upon the issue of negligence, it was competent for the defendant to introduce evidence of the usual mode adopted generally by prudent railroad men in switching their cars under similar circumstances as those which resulted in the death of the deceased." The testimony under consideration in that case was the opinions of expert railroad men. The accident resulted from the operation of the train while it was being switched. The position which a switchman should occupy when certain movements of the train are being made is not a matter of such common knowledge that it can be said that jurors would know as much about.it as men skilled in the railroad business. We do not think the testimony was subject to the objections urged.

The only other assignment which we deem it necessary to consider is that complaining of the refusal of the court to give special charge No. 2 requested by the appellant. That charge in effect requested the court to instruct the jury that even if Boyd did stop and look and listen when he reached the first of the tracks over the crossing, and at a time when his view was partially obstructed by some intervening houses, that if he failed to look and listen again when he got to a point fifty feet south of the track upon which he was injured, or at any other point between .there and where he was injured, and that had he done so he could have discovered the approach of the car in time to have avoided being injured, and if the jury believed that a person of ordinary prudence· situated as Boyd was would not have failed to look in the direction of the moving cars, to find for the appellant, regardless of whether or not its employes were guilty of negligence. We think the issues embodied

in this charge should have been affirmatively submitted to the jury, but we also think that they were sufficiently presented in the following special charge given at the request of the appellant: "If you believe from the evidence that at the time and place the plaintiff, William Boyd, was injured, the defendant had provided an electric arc light, and if you further believe that said light lighted up the premises and crossing where plaintiff was injured, and if you further believe from the evidence that defendant's employes were pushing some box cars on track No. 13 east toward Oak Street crossing, the bell on the engine was ringing, and if you further believe that plaintiff, William Boyd, drove along on Oak Street, going north, and that at the place where he first entered upon said crossing, his view in the direction of said cars was obstructed, and if you further believe from the evidence that he drove along on Oak Street crossing and reached a point fifty feet south of the track upon which he was afterwards injured, and that after he reached said point, his view in the direction of said moving cars and track No. 13 was unobstructed for a distance of eighty feet west of said Oak Street, and if you further believe that the plaintiff could at that time, or at any time thereafter before driving onto the track upon which he was injured, have seen said approaching box cars, if he had looked to the left or in the direction of said box cars, and if you further believe from the evidence that he failed to look to the left or in the direction of said moving box cars, and if you further believe from the evidence that a person of ordinary prudence would not have failed to look for moving cars, or trains, before driving onto the track upon which he was injured, and that if he had looked he could have seen said approaching box cars in time to have avoided being injured, and if you further believe that thereafter he drove onto said track No. 13, immediately in front of a moving box car, near the center of the street, and was struck and injured, then he was guilty of contributory negligence, and can not recover, and if you so believe you will return a verdict for the defendant, even if you believe from the evidence that defendant was guilty of negligence." The only material difference between this and the charge requested and refused is that this requires the jury to believe that an arc light was burning and that the bell on the train was being rung. There was no conflict in the testimony concerning the burning of the arc light; in fact, we think it might be assumed as a proven fact. There was also no conflict upon the issue as to whether or not the bell was being rung, further than might be gathered from the testimony of Boyd and one other witness that they did not hear the bell ringing. Other witnesses testified unequivocally that the bell was being rung at the time. This case has been tried, as before stated, three different times, and in each instance has resulted in a verdict in favor of the plaintiff for damages. It may be that a technical error was committed in the substitution of the charge given for that requested by the appellant; but in view of the fact that the charge given was at the instance of the appellant and its language was of appellant's own selection, and it covering practically all of the issues which were sought to be embodied in

the charge refused, we do not think the error, if any exists, is such as to call for a reversal of this case. We do not feel that any substantial right was denied the appellant in the ruling complained of.

We think the remaining assignments of error are without merit, and they are therefore overruled.

The judgment of the District Court is affirmed.

### ON MOTION FOR REHEARING.

In the motion for rehearing counsel for appellant insist with much force of argument that the trial court erred in refusing to give special charge No. 2 above referred to. Upon further examination of the record, we find that the issue as to whether the appellee was guilty of contributory negligence in failing to look and listen after starting over the crossings and before reaching the track where he was injured, was fully submitted in the general charge of the court. The general charge upon that issue is as follows: "If you believe from the evidence that the plaintiff failed to look or that he failed to listen *for the cars* when he arrived at, or *while he was attempting to go across said crossing,* and if you believe from the evidence that such failure to look or such failure to listen for the cars, if there was such failure, was negligence, and that such negligence, if any, caused or contributed to cause his injury, then, in either event, you will find the plaintiff guilty of contributory negligence, and will find for the defendant." After having given this instruction, it would have been improper to give the additional instructions requested.

The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.