SIGMOND ROTHSCHILD CO. et al. v. MOORE et al.

No. 4052.

Court of Civil Appeals of Texas. Beaumont.

Nov. 19, 1942.

Rehearing Denied Dec. 16, 1942.

745

Baker, Botts, Andrews & Wharton, Albert P. Jones, and Maurice Epstein, all of Houston, and S. A. McCall, of Conroe, for appellants.

McComb & Davis and R. A. Powell, all of Conroe, for appellee.

O'QUINN, Justice.

This is the second appeal of this case; reference is made to the opinions on the former appeal for a statement of the nature of the suit and the controlling facts—by this court, 22 S.W.2d 533, by the Supreme Court, 37 S.W.2d 121. The testimony on this appeal is substantially the same as on the former appeal. On this trial judgment was in favor of appellee Moore on the jury's verdict.

■ On the former appeal our judgment of affirmance in favor of appellee Moore on an instructed verdict was reversed and the cause remanded by the Supreme Court for a new trial. On this trial the issues of ownership and market value were submitted to the jury and found in favor of appellee Moore. On authority of the Supreme Court, we overrule appellant's assignments against the jury's answers to the issues. On the former appeal this

court overruled appellant's propositions of estoppel and partnership; our holdings on those issues were not reversed by the Supreme Court. We again overrule these propositions on the same grounds.

■ The evidence did not raise the issue that appellee had abandoned the prosecution of his suit. Through the years that this case was on the docket he gave it reasonable attention. For that reason the court did not err in awarding appellee interest for the entire period from the date of the levy of the attachment to the date of the judgment. The issue of interest was plead by appellee and on the evidence followed as a matter of law.

■ The court did not err in permitting appellee to introduce the evidence of F. E. Anderson given on the former trial and read to the jury in narrative form. The nature of this testimony was reviewed by the Supreme Court on the former appeal. Appellee laid a proper predicate to support the introduction of this testimony. Subsequent to the former trial he kept in touch with Mr. Anderson until about two years before this trial, when he began to make search for him but was unable to locate him. Diligent inquiry was made of every possible source where he could have been located. Boyd v. St. Louis Southwestern R. Co., 101 Tex. 411, 108 S.W. 813, by the Supreme Court, same case on a second appeal 56 Tex.Civ.App. 282, 119 S.W. 1154, supports the court's ruling.

■ On the death of Sheriff Hicks, who levied the attachment, his administrator and heirs were made parties to the suit. Maryland Casualty Company executed an indemnity bond in favor of Sheriff Hicks but did not represent him in his defense to appellee's cause of action, and its attorneys filed no answer for him. The administrator and heirs were compelled to employ attorneys to appear for them, and judgment was in their favor on an instructed verdict, against which there is no complaint. The jury awarded the administrator and the Hicks heirs an attorney's fee of $200. The following proposition of law by 27 Am. Jur., p. 474, denies appellant's assignment against the award of attorneys fees: "Reasonable counsel fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses when an action is brought to recover indemnity either upon a right of indemnity implied by law or rising under a contract."

The jury found that the property belonged to Moore. As against this finding whether the money advanced by Anderson to Moore constituted a loan was an immaterial issue, and the court did not err in refusing to submit it to the jury.

The judgment of the lower court is affirmed.