**HOUSTON FIRE & CASUALTY INSUR-
ANCE CO., Petitioner,**

v.

**J. W. BRITTIAN, Respondent.**

**No. A–10981.**

Supreme Court of Texas.

April 20, 1966.

Rehearing Denied May 18, 1966.

Garrison, Renfrow, Zeleskey, Cornelius
& Rogers, Kenzy D. Hallmark, Lufkin, for
petitioner.

Barber & Seale, Jasper, for respondent.

STEAKLEY, Justice.

This is an appeal from the second trial of
a Workmen's Compensation case held in
September, 1964. The initial question is
whether the testimony at the first trial of
Respondent's medical witness, Dr. Joe Dick-
erson, was admissible at the second trial.
Dr. Dickerson resided at Jasper, Texas,
which is located in a county adjacent to
Newton County where both trials were held.
He testified in person at the first trial
which was held in February of 1964. He
was not placed under subpoena nor was his
deposition taken for the second trial.
Counsel for Respondent testified at the sec-
ond trial that on Friday before the second
trial date on the following Tuesday he
checked with the office of Dr. Dickerson
and determined that he would be available
to testify on Tuesday; that he had planned
to call him as a witness; and that upon call-
ing his office on the Tuesday morning trial
date he learned for the first time that the
doctor was in emergency surgery, upon the
completion of which he was leaving town
and would not be available during the re-

mainder of the week. Counsel for Respondent did not seek a postponement of the trial after testifying to the foregoing but offered in evidence a transcript of the direct and cross examination of Dr. Dickerson at the former trial. Petitioner objected to the admission of the testimony as hearsay for which no proper predicate had been laid for its admission as an exception to the general rule. The trial court overruled the objection, which action was upheld by the Court of Civil Appeals [392 S.W.2d 604] on the ground that the matter was within the discretion of the trial court and no abuse was shown; and, further, that in any event the admission of the testimony was not reversible error under Rule 434, Texas Rules of Civil Procedure. We reverse the judgments below.

▇▇▇▇ The applicable rule was stated by this Court in Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681, 697 (1941):

> "It is the settled law that under an exception to the general rule against hearsay evidence, 'testimony of a witness given at a former trial of the same case on substantially the same issues, and where there was opportunity for cross-examination, may be reproduced where it is shown that the witness is dead, or that he had become insane, or is physically unable to testify, or is beyond the jurisdiction of the court, or that his whereabouts is unknown and that diligent search has been made to ascertain where he is, or that he has been kept away from the trial by the adverse party.' "

None of these stated conditions supporting this exception to the general rule against hearsay evidence is claimed to exist here. This being the case, there is no question of the existence or nonexistence of the facts necessary to the predicate and the exercise of discretion by the trial court was not invoked. Respondent cites 24 Tex.Jur.2d § 701, p. 343, in its statement of the rule said to be applicable in criminal cases, and contends that the testimony of a witness at a former trial of a civil case is admissi-

ble when "for some similar and equally valid reason the witness is now unable or unavailable to testify," which matter is addressed to the discretion of the trial court. No civil cases are cited by Respondent in support of the foregoing and we have found none. The function of the discretionary exercise in this type of situation is interestingly illustrated by the opinion of this Court in Boyd v. St. Louis, Southwestern R. Co. of Texas, 101 Tex. 411, 108 S.W. 813 (1908), and the subsequent opinion of the Court of Civil Appeals reported in 56 Tex.Civ.App. 282, 119 S.W. 1154 (1909). In its opinion this Court said:

> "Counsel for both parties have requested that we should pass upon the admissibility of the testimony of Lytle given at a former trial, and we deem it proper to announce the following rule to govern in admitting such evidence: The proper predicate being laid to show that Lytle's whereabouts is unknown and that diligent search has been made to ascertain where he is, the evidence to prove what he testified to on a former trial should be admitted."

Responding thereto, the Court of Civil Appeals said:

> "Without undertaking to state the full extent of the effort made to discover the whereabouts of Lytle, or the diligence used to bring him into court as a witness, we think it is sufficient to say that a proper predicate was laid. * * * The sufficiency of the predicate is a matter resting largely in the discretion of the trial court * * *."

▇▇▇▇ We adhere to the established rule as stated in *Lone Star Gas*. This rule is sufficiently comprehensive of those situations where the testimony of a witness at a former trial of a civil case may be admitted at a later trial of the same case when the witness is unavailable. The exercise of discretion by the trial court is limited to a determination of the sufficiency of the factual predicate in the situation claimed to

exist. Cf. Missouri-Kansas-Texas R. R. Co. v. Bush, 310 S.W.2d 404 (Tex.Civ.App. 1958, writ ref. n. r. e.), where there was disagreement among members of the court but none questioned the soundness of the rule as stated in *Lone Star Gas;* Morris v. Davis, 292 S.W. 574 (Tex.Civ.App.1927, writ ref.) ; Federal Underwriters Exchange v. Rigsby, 130 S.W.2d 1105 (Tex.Civ.App. 1939, writ dism.) ; and Bowles v. Bryan, 277 S.W. 760 (Tex.Civ.App.1925, no writ hist.).

■ We also hold, contrary to the view of the Court of Civil Appeals, that the admission of the testimony of Dr. Dickerson given at the former trial was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rules 434 and 503, T.R. C.P.; cf. Casualty Insurance Co. of California v. Salinas, 160 Tex. 445, 333 S.W. 2d 109, 116, 90 A.L.R.2d 1056 (1960) ; Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210, 216 (1958) ; American General Insurance Co. v. Jones, 152 Tex. 99, 255 S.W.2d 502, 505 (1953) ; Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379, 382 (1952). Seven months elapsed between the first and second trials. Respondent testified that Dr. Dickerson had examined him on five or six occasions during this interval. There was evidence of various work activities on the part of Respondent during this period. Dr. Dickerson was the only medical witness offered by Respondent and Petitioner did not have an opportunity to cross-examine him in the light of his subsequent examinations or of the subsequent work record of Respondent. Dr. Dickerson expressed the opinion at the first trial that Respondent had suffered total and permanent disability based on both objective and subjective findings to which he testified. The extent of the disability of Respondent was a vital issue in the case and the probability that the jury gave the testimony of Dr. Dickerson controlling effect cannot be avoided. The admission of his testimony was therefore reversibly harmful to Petitioner.

The other points urged by Petitioner will doubtless not arise upon another trial, and we will forego consideration of them.

The judgments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded to the trial court.