The judgment before us was recovered by defendant in error, who was plaintiff below, on account of personal injuries sustained by him being struck by the engine of a passing *Page 24 
train of plaintiff in error, near Waco, at the crossing of a public country road over the railroad. The evidence, without contradiction, shows that the plaintiff walked along the road at night, approaching the railroad obliquely, with his side towards it, until he came near the crossing when he turned with the road across the track, and was struck as he reached the center thereof. The train was visible by its electric headlight upon a straight track for a mile or more before it reached the crossing and the noise of its motion was plainly audible. Plaintiff admits that, before stepping on the track, he neither looked nor listened for the train, although he was familiar with the crossing and knew of the frequent passing of trains, and that he could have seen and heard it, had he done so. All of the other evidence is to the same effect. He relies alone upon the fact, which the evidence is sufficient to prove, that the whistle was not blown nor the bell rung as required by the statute, claiming that he was listening for those signals, and, because he did not hear them, did not look for the train nor pay any attention to the noise it made.
The law is well settled that a traveler approaching a railroad crossing must exercise ordinary prudence in going upon the track to see that he may do so with safety. He can not excuse the absence of all care by showing that those in charge of a train have also been guilty of negligence. This is the precise attitude of the plaintiff, when he claims that he was not bound to look out for himself until the statutory signals were given. His claim can not be admitted without denying the rule which exacted the duty of due care on his part, a duty as binding on him as was the duty of giving signals binding on the defendant. The case is easily distinguished from those in which this court has held that, under the tracts thereof, it would have been improper for the courts to have instructed that it was the duty of the travelers to do any particular thing as a measure of due care, such as to look and listen, it being the function of the jury to say what precautions were called for by the particular situation. Those cases presented issues for the jury to determine as to whether or not the care taken was sufficient, and not bare facts, like those in this case, establishing that no care whatever was taken and offering no excuse for its absence except a reliance on the other party. In one of those cases this court took occasion to say, with reference to charging the jury: "The rule given as to degree of care required of deceased is recognized by former decisions of this court. (50 Tex. 254; 57 Tex. 302
[57 Tex. 302]; 56 Tex. 334; 46 Tex. 356
[46 Tex. 356]; 63 Tex. 660.) Having given the proper rule to the jury, the judge had performed his duty unless, from the whole case as made by the testimony, the plaintiff had no testimony upon which the jury could reasonably have found a verdict in her favor; in which state of facts the court could have refused to submit the case to the jury. The plaintiff's case would fail from absence of testimony to any negligence on part of defendant, or upon absence of any testimony from which a jury could find due care or its equivalent, absence of negligence on part of deceased." Missouri Pac. Ry. Co. v. Lee, 70 Tex. 501.)
While persons using a railway crossing have the right to expect that the law requiring signals will be obeyed, this is not a substitute for *Page 25 
the duty of exercising care for themselves and they are not excused from that duty by the fault of the other party. No case in this court has allowed a recovery upon facts such as these and the judgment can not be permitted to stand without abolishing the rule, recognized by all authority, requiring the exercise of ordinary prudence on the part of persons crossing railroad tracks.
The judgment will be reversed, and, as the admitted facts show that plaintiff is not entitled to recover, judgment will be here rendered for the defendant.
Reversed and rendered.