TEXAS & PACIFIC RAILWAY COMPANY v. I. A. STOKER.

Decided November 28, 1908.

**Railway Crossing—Frightened Team—Negligence—Contributory Negligence—Proximate Cause.**

Evidence considered and held sufficient to show negligence by defendant proximately causing plaintiff's injuries, and absence of contributory negligence by plaintiff, who was injured by the running away of his team, frightened at

the near approach of a train while crossing the railway, defendant's omission of crossing signals having caused plaintiff who had stopped, looked and listened, to drive upon crossing.

Appeal from the District Court of Eastland County.   Tried below before Hon. J. H. Calhoun.

*H. C. Shropshire,* for appellant.—It appearing from the uncontradicted evidence that the failure of the engineer in charge of the train to ring the bell or blow the whistle (if he did fail), was not the proximate cause of appellee's injuries, the court ought to have directed the jury to return a verdict for appellant.   Texas & Pac. Ry. Co. v. Stoker, 103 S. W., 1183; Houston & T. C. Ry. Co. v. Carruth, 50 S. W., 1036; Ft. Worth & R. G. Ry. Co. v. Neely, 60 S. W., 282; Hendricks v. Railway Co., 93 N. W., 141; Walters v. Railway Co., 80 N. W., 451; Chicago, B. & Q. Ry. Co. v. Roberts, 91 N. W., 707; Dewey v. Railway Co., 11 Am. & Eng. R. R. C. (N. S.), 275; Louisville & N. Ry. Co. v. Survant, 44 S. W., 88; Louisville & N. Ry. Co. v. Survant, 27 S. W., 999; Louisville & N. Ry. Co. v. Howerton, 72 S. W., 760; Atchison, T. & S. Ry. Co. v. Morgan, 13 Am. & Eng. R. R. C., 499; Texas & Pac. Ry. Co. v. Wright, 62 Texas, 515; Central Tex. & N. W. Ry. Co. v. Nycum, 34 S. W., 460; Missouri, K. & T. Ry. Co. v. Cardena, 54 S. W. Rep., 313.

The evidence being conclusive that the accident occurred from plaintiff's team taking fright at the ordinary operation of appellant's train, the court should have instructed the jury to return a verdict for appellant.   Gulf, C. & S. F. Ry. Co. v. Hord, 87 S. W., 850; Hendricks v. Railway Co., 93 N. W., 141; Hargis v. Railway Co., 12 S. W., 953; Walters v. Railway Co., 80 N. W., 451; Dewey v. Railway Co., 11 A. & E. R. R. C. (N. S.), 275; Abbott v. Kalbus, 39 A. & E. R. R. C., 594; Ohio Val. Ry. Co. v. Young, 8 A. & E. R. R. C. (N. S.), 399; Lake Shore & M. S. Ry. Co. v. Butts, 24 A. & E. R. R. C. (N. S.), 898; Coleman v. Railway Co., 23 A. & E. R. R. C. (N. S.), 863; Campbell v. Railway Co., 4 N. Y. Supp., 265; Campbell v. Railway Co., 130 N. Y., 631; Chicago, B. & Q. Ry. Co. v. Roberts, 91 N. W., 707.

It appearing from the uncontradicted evidence that appellee crossed appellant's railroad track at a time and place where and when he could have seen or heard the approaching train in time to have avoided the danger by looking or listening for said train, had he looked or listened, and that appellee failed to look or listen for said train, appellee, under such circumstances, was guilty of contributory negligence, and it was the duty of the trial court to charge the jury to return a verdict for appellant.   International & G. N. Ry. Co. v. Edwards, 93 S. W., 106; Texas & Pac. Ry. Co. v. Fuller, 24 S. W., 1093; International & G. N. Ry. Co. v. Ploeger, 96 S. W., 56; Missouri, K. & T. Ry. Co. v. Moore, 15 S. W., 714; Galveston, H. & S. A. Ry. Co. v. Kutac, 11 S. W., 127; Galveston, H. & S. A. Ry. Co. v. Bracken, 59 Texas, 71; Gulf, C. & S. F. Ry. Co. v. Miller, 70 S. W., 25; Lumsden v. Railway Co., 73 S. W., 428; St. Louis S. W. Ry. Co. v. Branom, 73 S. W., 1064; Ft. Worth & D. C. Ry. Co. v. Wyatt, 79 S. W., 349; Gulf, C. & S. F. Ry. Co. v. Younger, 40 S. W., 423; Gulf, C. & S. F. Ry. Co. v. Hamilton, 42 S. W., 358; Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 73; Texas

& N. O. Ry. Co. v. Brown, 21 S. W., 424; Galveston, H. & S. A. Ry. Co. v. Ryon, 70 Texas, 56; Turner v. Railway Co., 30 S. W., 253; Carlson v. Railway Co., 42 Am. & Eng. R. R. C. (N. S.), 208, 105 N. W., 555; Dolfini v. Railway Co., 35 Am. & Eng. R. R. C. (N. S.), 291, 70 N. E., 68; Rollins v. Railway Co., 139 Fed., 639; Marshall v. Railway Co., 39 Am. & Eng. R. R. C. (N. S.), 139, 103 N. W., 249; Chicago & N. W. Ry. Co. v. Andrews, 130 Fed., 65; Chicago, St. P., M. & O. Ry. Co. v. Rossow, 117 Fed., 491; Chicago, R. I. & P. Ry. Co. v. Pounds, 82 Fed., 217; Northern Pac. Ry. Co. v. Freeman, 174 U. S., 379; Porter v. Railway Co., 97 S. W., 880; St. Louis & S. F. Ry. Co. v. Portis, 99 S. W., 66; Stotler v. Railway Co., 103 S. W., 1.

*Stubblefield & Patterson* and *J. S. Sheppard,* for appellee.

CONNER, CHIEF JUSTICE.—This is a suit brought by I. A. Stoker, plaintiff below, against The Texas & Pacific Railway Company, defendant below, to recover damages for personal injuries sustained by him at a public road crossing over the railroad of defendant at a point about one mile west of the town of Eastland about September 28, 1905.

For cause of action appellee alleged that on the 28th day of September, 1905, he was engaged in hauling lumber from Eastland to his home in Stephens County, and while so engaged was traveling the public road in the direction of Eastland, and that when within a distance of about seventy-five or one hundred yards of the track of appellant, and said public crossing, he stopped and looked and listened for the purpose of ascertaining whether any train was approaching, but could neither see nor hear any train, whereupon he drove his mule team upon said railroad crossing, and about the time his team had reached the same, he discovered a train a short distance away approaching rapidly, which, while upon the crossing and before he could drive off, frightened his team, which became unmanageable and ran, resulting in plaintiff's being thrown from his wagon and injured in the manner stated in his petition; that the accident was directly and proximately caused by the negligence of appellant in the operating of its passenger train in this, to wit: That appellant and its employes, operating the said train, were negligent and careless in not blowing the whistle and not ringing the bell upon said engine, within eighty rods of said railroad crossing, and in not keeping said bell ringing until said train had passed said crossing, and in failing, in any other manner, to give appellee notice or alarm of the approach of said train, by reason of which negligence appellee did not discover that said train was approaching him until the same was comparatively near and so close to him that his team was frightened by said train and became unmanageable. That if the employes in charge of said engine had blown said whistle and rung said bell thereon within eighty rods of said crossing, appellee would have discovered the approaching train in time to have avoided his team's becoming frightened and unmanageable and uncontrolable, and could and would have avoided the injury sustained by him.

Appellant answered by general exception, general denial and special pleas of contributory negligence.

The case was tried the first time before a jury on the 10th day of August, 1906, and there was a verdict and judgment for the appellee for one thousand and seventy-five dollars, together with six percent interest thereon from said 10th day of August, 1906, which judgment was reversed by this court on the 22d day of June, 1907. (103 S. W. R., 1183.)

The case was tried the second time before a jury on the 7th day of August, 1907, and there was a verdict and judgment for appellee for the sum of twelve hundred and fifty dollars, together with six percent interest per annum thereon from said 7th day of August, 1907. An appeal having been duly perfected, the case is now before us for review.

In the first, sixteenth, seventeenth, eighteenth, nineteenth, twentieth and twenty-first assignments of error appellant in various forms questions the sufficiency of the evidence to sustain the verdict in appellee's favor upon the issue of appellant's negligence, of appellee's contributory negligence, and of proximate cause. We will not set out the evidence in full, but the same has been carefully examined and we think all of the assignments named should be overruled. Briefly stated, the evidence tends to show that the Breckenridge public road leading to the town of Eastland approached appellant's railway from the northwest until it reached the railway right of way, when the road extended due south until after crossing the right of way; that the railway extended east and west; that at a distance of two thousand feet west of the crossing was a deep cut, from the summit of which to the crossing was a sharp decline; that in approaching the railway from the northwest its track was obscured by reason of trees in the angle between the road and the railway, and by the embankments of the cut; that when appellee arrived at a point about two hundred and twenty-eight feet from the north fence of the right of way, he stopped his team until perfectly still and looked and listened for approaching trains; that hearing none he proceeded upon his journey, and about the time his mules were crossing the track they were frightened by a rapidly approaching train from the west and ran away and injured appellee as he alleges; that after entering the right of way from the north the view was unobstructed to the point of the hill, and appellee testifies that had he looked up the right of way far enough he could have seen an approaching train, but supposes that he did not look far enough at the right time, or was looking to the east, from whence he thought a train might approach; that after having stopped to look and listen, as before stated, he continued to look and listen and did not know just how it happened he failed to see or hear the train; that he knew that no warning whistle was given, and that no bell was rung, otherwise he could not have failed to hear it. There was other evidence tending to show that after entering the right of way there was brush that would have impeded an effort to turn a wagon and team such as appellee was driving, and that it was but a very short time after entering the right of way until the team became frightened.

Negligence, whether of the plaintiff or defendant, is generally a question of fact and becomes a question of law to be decided by the

court only when the act done is in violation of some law, or when the facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question, and it seems quite clear ʋo us that under the evidence in this case the questions of appellant's negligence and of the proximate cause of appellee's injury, on the one hand, and of appellee's contributory negligence, as alleged, on the other, were all for the jury, and that the evidence sufficiently supports their finding in appellee's favor.  See Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545; Chatham v. Jones, 69 Texas, 744; Missouri, K. & T. Ry. Co. v. Magee, 92 Texas, 616; Texas & Pac. Ry. Co. v. Chapman, 57 Texas, 81; Texas & Pac. Ry. Co. v. Fuller, 13 Texas Civ. App., 150; Gulf, C. & S. F. Ry. v. Holland, 27 Texas Civ. App., 397; Missouri, K. & T. Ry. v. Owens, 75 S. W., 579; Texas Midland Ry. v. Crowder, 25 Texas Civ. App., 536.

The charge of the court is assailed in numerous assignments. Numerous assignments are also presented to the action of the court in refusing special charges.  It would unduly extend this opinion, however, to set all of these proceedings out, and nothing new, as we conceive it, is presented.  We, therefore, deem it sufficient to say that the charge of the court on all issues involved was an admirable one and fully and fairly presented every issue in the case; that many of the special instructions requested were incorrect, and that such as were correct were fully covered by the court's charge.

We conclude that the evidence supports the material allegations of appellee's petition and warranted the verdict and judgment in his favor.  The judgment is accordingly affirmed.

*Affirmed.*

Writ of error refused.