GULF, C. & S. F. RY. CO. v. GADDIS et al.
(No. 7840.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 14, 1914. Rehearing Denied March 21, 1914.)

RAILROADS (§ 350*) — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE.

It cannot be said, as matter of law, that one who, at night, saw a passenger train, which was 60 or 70 feet from the crossing, and approaching at a speed two or three times the 6 miles per hour allowed by ordinance, when he was 15 feet from the crossing, was guilty of contributory negligence in increasing his speed and attempting to cross ahead of it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

Error to District Court, Tarrant County; James W. Swayne, Judge.

Action by Nancy Gaddis and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Lee & Lomax and W. D. Smith, both of Ft. Worth, and Terry, Cavin & Mills, of Galveston, for plaintiff in error. Slay & Simon, of Ft. Worth, for defendants in error.

SPEER, J. Nancy Gaddis, in behalf of herself and her minor children, sued the Gulf, Colorado & Santa Fé Railway Company to recover damages for the negligent killing of the husband and father, Jack Gaddis. There was a trial before a jury resulting in a verdict and judgment for the plaintiffs in the sum of $4,500, and the defendant prosecutes error.

A single assignment is presented, and that involves the question that, under the undisputed facts, the trial court should have instructed a verdict for the defendant upon the issue of the deceased's contributory negligence. The propositions submitted under plaintiff in error's assignment are as follows: "It is contributory negligence, as a matter of law, for one approaching a railroad track, with a train approaching on the track in plain view, who is warned by the whistle on the engine and the bell on the engine that the train is approaching, and by a crossing watchman, placed there to prevent parties from crossing the track when a train is approaching, that the train is coming, and who knows of the approach of the train, to attempt to beat the train across the track, and, if injury results to him from such attempt, neither he nor those claiming under him are entitled to recover."

The question of contributory negligence being one of fact to be determined by the jury under all the circumstances of the case, except in those rare cases where reasonable minds could not differ as to the conclusion to be drawn, it is obvious that this proposition cannot be sustained. It is stated too broadly. Whether or not it is contributory negligence for a pedestrian approaching a railroad track to cross over ahead of an approaching train depends largely, if not altogether, upon the distance the train is away and the speed with which it is approaching the crossing. In such a case the train might be seen approaching, but yet at such a distance and moving at such a low speed as that a most cautious or prudent person would undertake to cross ahead of it and feel that he was taking no risk whatever in doing so. But the next proposition submitted by plaintiff in error is more definite and more nearly raises the precise question to be determined in this case. That proposition is as follows: "The undisputed evidence in this case shows that Gaddis approached defendant's track on the south side of Elizabeth street between 9 and 9:30 o'clock at night, at a time when a regular passenger train of the defendant, going somewhere between 10 and 20 miles per

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

hour, was approaching Elizabeth street going south, and that the train whistled clear and distinct whistles, attracting the attention of other parties, at two different times when the train was a considerable distance from the crossing, the first time, under the estimate of the witnesses, about 500 feet away, and the second time about 300; and that on the sounding of the first whistle the watchman at the Elizabeth street crossing came out with his red lantern and began to signal by waving it, and turning to the west, the direction from which the deceased approached the track, he saw the deceased some 40 or 50 feet away from the track and waved his lantern, and the deceased continued on, approaching the track in an ordinary walk until he got within about 15 feet of the track, and, not checking his gait, the watchman called to him and expressly warned him, and he turned and looked in the direction of the train, and instead of stopping he quickened his pace at a time when the train was practically on him, only 60 or 70 feet way, and was then blowing an alarm whistle, and evidently undertook to beat the train across the crossing, and was struck by the train and killed. The deceased thus by his own gross negligence and recklessness contributed to and caused his own death."

If the facts stated in the proposition be admitted to be true, it does not follow, as a matter of law, that the deceased was guilty of contributory negligence in attempting to cross the track under the circumstances shown. It appears to be the well-settled rule in this state that, in order that an act shall be deemed negligence per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say without hesitation or doubt that no careful person would have committed it. G., C. & S. F. Ry. Co. v. Gasscamp, 69 Tex. 545, 7 S. W. 227. And it has been repeatedly held that it is not necessarily negligence for one to attempt to, do a thing which he knows to be dangerous. G., C. & S. F. Ry. Co. v. Gasscamp, supra; G., C. & S. F. Ry. Co. v. Grisom, 36 Tex. Civ. App. 630, 82 S. W. 671; Tex. Cent. R. R. Co. v. Randall, 51 Tex. Civ. App. 249, 113 S. W. 180; T. & P. Ry. Co. v. Stoker, 52 Tex. Civ. App. 433, 115 S. W. 910; St. Louis S. W. Ry. Co. v. Shelton, 52 Tex. Civ. App. 437, 115 S. W. 877. The facts shown in plaintiff in error's proposition do not put the deceased in the attitude of a person who goes into a place of known danger without taking any precaution whatever for his own safety. It is to this sort of case that the authorities cited by plaintiff in error are applicable. The case of I. & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106, so much relied on, is thus referred to by our Supreme Court in Boyd v. St. L. S. W. Ry. Co., 101 Tex. 411, 108 S. W. 813, and the reference is sufficient to illustrate the distinction between that line of cases and those which we shall hereafter cite, which we think more nearly resemble the case under consideration: "In the Edwards Case the injured party, upon approaching a crossing over a railroad track with which he was perfectly familiar, and knowing that trains frequently passed, failed either to look or to listen, and testified that, if he had done either, he could have heard or seen the train before he stepped upon the track. Edwards took no precaution whatever to protect himself, and therefore was not entitled to a recovery, although the railway company was guilty of negligence in failing to blow the whistle." Many authorities might be cited to the proposition that a person who goes into a place of known danger without taking any care whatever to protect himself is necessarily negligent to such an extent that he cannot recover for injuries received in consequence of his act.

But here we have a different case. It is undisputed that the deceased did look and acquaint himself with the fact that the train was approaching, and in consequence quickened his pace when within a few feet of the crossing in order, as he thought, to cross the track before the train could reach him. Whether or not his act in thus attempting to cross ahead of the train was a negligent one, as matter of law, is the question we are called upon to decide. No authority has been cited, and we have found none which would require us to hold that it was. Whether or not the deceased, situated as he was, acted as a person of ordinary prudence in attempting to cross the track as he did we think became a question of fact to be determined by the jury, and the court committed no error in refusing the summary instruction to find for the defendant.

There is no assignment attacking the finding of the jury on the issue of plaintiff in error's negligence in the matter of speed at which the train was being operated at the time deceased was killed, and, even on the issue of contributory negligence, the fact that the train was being operated at such a high rate of speed, in violation of an ordinance of the city of Ft. Worth, which limited the speed of trains within its limits to six miles per hour, had a very material bearing in that the deceased may have assumed, although he saw the train was approaching, that it was nevertheless being operated in accordance with the ordinance, and he would thus have ample time to cross the track before it reached him. See Boyd v. St. L. S. W. Ry. Co., 101 Tex. 411, 108 S. W. 813; Texarkana, etc., Ry. Co. v. Frugia, 43 Tex. Civ. App. 48, 95 S. W. 563; F. W. & D. C. Ry. Co. v. Wyatt, 35 Tex. Civ. App. 119, 79 S. W. 349, and authorities there cited.

Defendants in error have filed certain cross-assignments, but they are all overruled, since the only questions raised by them go to the matter of liability of plaintiff in error,

and, since under the charge the jury have found in favor of liability, the errors, if any were committed, could not have been harmful.

There is no error in the record, and the judgment is affirmed.