## GALVESTON, H. & S. A. RY. CO. et al. v. DUTY.  (No. 1656.)*

(Court of Civil Appeals of Texas. El Paso. Oct. 29, 1924. Rehearing Granted Nov. 20, 1924. Further Rehearing Denied Dec. 31, 1924.)

**I. Appeal and error ⬤⇒742(I)—Assignment of error not followed by a proposition not considered.**

Assignment of error which is not followed by a proposition, and which is not a proposition in itself, will not be considered.

**2. Appeal and error ⬤⇒1060(4)—Improper argument of counsel with respect to right to use quotient verdict held not to justify reversal.**

Improper argument of counsel to jury in personal injury action that they might use "quotient verdict," provided that there was no agreement beforehand to be bound by result, would not justify reversal, where verdict was very reasonable under the facts, and there was nothing to indicate that defendant's case was prejudiced by such argument.

**3. Appeal and error ⬤⇒671(I)—Objections not supported by record overruled.**

Objections which are not supported by the record will be overruled.

**4. Railroads ⬤⇒350(16)—Failure to look and listen not negligence as matter of law.**

Generally, failure of one about to go over a public railroad crossing to look and listen does not of itself constitute negligence as matter of law.

On Motion for Rehearing.

**5. Appeal and error ⬤⇒1001(I) — Appellate court bound by jury's findings of fact, unless reasonable minds might differ as to inferences from evidence.**

Appellate court is bound by jury's findings of fact, unless reasonable minds might differ as to conclusions to be drawn from evidence.

**6. Negligence ⬤⇒56(3) — Rules applicable in determining whether act constituting negligence per se was proximate cause of injury stated.**

Where an act is negligence per se because violative of a statutory duty, same rules must be applied as in negligence vel non in determining whether such negligence was, as matter of law, proximate cause of injury complained of.

**7. Railroads ⬤⇒350(32)—Whether automobile driver's negligence was proximate cause of injury held for jury.**

In action for injuries sustained by plaintiff when his automobile was struck on road crossing by defendant's train, whether plaintiff's violation of statute, constituting negligence per se, was proximate cause of his injury held for jury.

**8. Negligence ⬤⇒136(25)—Proximate cause of injury for jury, where both parties negligent.**

Where a plaintiff and defendant are each guilty of negligence, it is a question for jury as to which negligence is proximate cause of injury.

Harper, C. J., dissenting.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by E. C. Duty against the Galveston, Harrisburg & San Antonio Railway Company and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Kemp & Nagle and S. N. Russell, all of El Paso, for appellants.

Wallace & Cameron, of El Paso, for appellee.

HARPER, C. J. Appellee brought this suit against the above-named appellants for damages for personal injuries alleged to have been caused by the negligence of their servants and employees.

It is alleged that appellants were operating a freight train which was entering the city of El Paso, going west, at the intersection of Copia street, which runs north and south; and, as he was in the act of crossing defendants' track, it struck his automobile, in which he was riding, and thereby seriously and permanently injured him. The acts of negligence charged as submitted by the court are: Speed of the train in excess of 10 miles an hour in violation of a city ordinance; failure to blow the whistle and failure to ring the bell.

Appellants alleged by way of defense, general denial, negligence, and contributory negligence on the part of appellee, which was the direct and proximate cause of his injuries, in that he drove his automobile upon the track at the crossing in controversy at a reckless, dangerous, and unlawful rate of speed immediately in front of the approaching train without looking or listening for

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted February 25, 1925.

such train, when by looking and listening, and by the use of ordinary care on his part, he could have seen and heard said train in time to have stopped his automobile and thereby avoided the accident, etc.

The case was tried to a jury, submitted upon general charge, and resulted in verdict and judgment for appellee for $10,000. Appealed.

[1] The first assignment is not followed by a proposition, and is not a proposition itself, so is not considered.

Taking up the propositions in the order which seems most orderly, the fourth is predicated upon the following argument of plaintiff's counsel:

"A 'quotient verdict' is where the jurors agree that the amount of their verdict will be determined by each juror putting down the amount he believes the plaintiff is entitled to receive, and adding the twelve amounts together, and dividing the sum by twelve, and the quotient is the amount of the verdict.

"Now, gentlemen, that is an illegal verdict, and the court, of his own motion or at the request of defendant, may set it aside and grant a new trial when this is shown.

"But, gentlemen, it is not improper for each juror to put down the amount he believes the plaintiff is entitled to receive and add the twelve amounts together and divide that sum by twelve and use the quotient as a working basis to arrive at the amount of the verdict. The vice consists in agreeing in advance that the quotient so arrived at will be your verdict."

Similar argument was held to be error by the Court of Civil Appeals at Fort Worth, Tex. We concur in this ruling, and adopt the reasons for it therein assigned. T. & P. Ry. Co. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212.

[2] If the argument had been a positive warning against arriving at a verdict that way, it would not constitute reversible error, but it is not such, but an instruction that they may do so, provided there is no agreement beforehand to be bound by the result. But, since the verdict is very reasonable under the facts, and nothing to indicate that the defendant's case was prejudiced thereby, this should not be cause for reversing the case.

Propositions 2 and 3 assign error in the form and substance of certain paragraphs of the court's charge to the jury. In effect, the objections are that there was no evidence sufficient to authorize the court to submit the issues and that they are so framed as to assume that plaintiff was injured in such a way as to authorize a verdict for damages for injuries sustained.

[3] These objections are not supported by the record, and for that reason the assignments and propositions are overruled.

The first, fifth, sixth, and ninth urge that the court erred in refusing to charge the jury to find for the defendant.

The physical facts surrounding the accident and injury are revealed by the evidence to be substantially as follows: At the point of accident the railway right of way and track run east and west, and the street along which the plaintiff was traveling runs north and south. The plaintiff was struck at the intersection by a freight train going west.

Upon direct examination the plaintiff testified:

"I live north of the track (meaning defendant's railway track.) I was in an automobile, and had started home from Alameda avenue, which is south of the track. I don't know, of course, just how fast I was going, 12 or 15 miles an hour possibly, just an ordinary gait. I started across that track, and that train just hit me almost by the time I saw it. When I saw it I was right practically right on the track. I didn't have time to think, to tell you the fact. I was right on it. I crossed that track repeatedly. I glanced toward town, there was a passenger train comes out down there along that time of the night, and when I glanced the other way that train was right on me. I didn't hear it. It hit me so quick until I can't tell where I was hit."

On cross-examination:

"I knew that a great many trains passed there daily. I did look for a train that night. I never crossed a track without looking for a train. I didn't see the headlight; I didn't see the train. I didn't hear it. Yes, sir; I was listening for it. That Ford was 1917 model. It was an old car, and all old cars make some noise. Well, yes, possibly I drove up at the rate of speed I had been driving across the track."

This happened between 9 and 10 o'clock at night.

He further testified:

"My hearing is all right. As you approach the crossing there are obstructions on both sides. There is a brick building on the right-hand side, which would be the east side, it goes out, I reckon, to the right of way. And on the other side there is a residence and some trees. You don't see anything until you are right at it on either side. I had crossed at that crossing more than 100 times. I knew that a great many trains passed there daily."

The question as to whether the view of the crossing was obscured was not submitted to the jury, but there is no testimony upon the question that in any way contradicts that noted above of the plaintiff.

The only persons who were present to view the accident were the plaintiff and the engineer and fireman. The latter say that they did not see the automobile until it dashed within 10 feet, more or less, of the cowcatcher. The car was struck about the right hind wheel.

The evidence conclusively establishes the fact that, if plaintiff had slowed down to 6 miles per hour, as is required by statute, not nearer than 30 feet of the track, he would have been beyond the obstruction and

in a position to see the coming train, for the headlights were burning brightly.

The verdict of the jury amounts to a finding that the train was running at an excessive rate of speed in violation of a city ordinance, and that there was a failure to blow the whistle and failure to ring the bell, and that each caused, or proximately contributed to cause, the accident. Plaintiff relies upon these findings, which the evidence is sufficient to prove, for an affirmance of his judgment, and appellants urge that the evidence quoted above shows that he was guilty of contributory negligence as a matter of law, and that the trial court should have instructed a verdict for the defendants, and we have concluded that the point is well taken, for the uncontradicted evidence, admissions of plaintiff himself, and the surrounding facts and circumstances present a clear case of a man in an automobile rushing in front of a moving train under circumstances which present no excuse for his not discovering it in time to have avoided the collision.

[4] In reaching this conclusion we are aware of, and have duly considered, the general rule prevailing in this state that the failure of one about to go over a public road crossing to look and listen does not of itself constitute negligence as a matter of law. Therefore we do not base our holding alone upon such facts, but that from all the facts and circumstances, in addition to the plaintiff's admissions that he did not stop, nor slow up, nor look in the direction of the approaching train, it conclusively appears that the manner of his attempted crossing of the track is so opposed to the dictates of common prudence that no careful person would have done so. I. & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S. W. 106.

And we are of the further opinion that it was in direct violation of the statutory duty imposed by article 820l, Vernon's Ann. Pen. Code Supp. 1918, which is:

"*Duties as to Crossing of Railroad Tracks.*— Any person driving a motor vehicle * * * when approaching the intersection of a public * * * highway with the tracks of a steam railroad * * * where such * * * highway crosses such track or tracks at grade, and where the view of the said crossing is obscured, either wholly or partially, shall before attempting to make the said crossing, and at some point not nearer than thirty feet of the said track, reduce the speed of his motor vehicle or motorcycle to a speed not to exceed six miles per hour before making the said crossing, unless there are flagmen or gates at such crossing and such flagmen or gates show that the way is clear and safe to cross such track or tracks. * * *"

Appellee questions the applicability of this statute to the facts of this case. In answer to this we adopt the observations of Smith, J., of the San Antonio Court, in San Antonio & A. P. Ry. Co. v. Singletary (Tex. Civ. App.)

251 S. W. 325, without quoting it, and hold that it does apply.

Under the facts the verdict is not excessive as contended by appellants. There are serious and permanent injuries.

The eleventh is overruled as without merit.

Reversed and rendered.

### On Motion for Rehearing.

WALTHALL, J. On further consideration of this case on the very able motion for a rehearing filed by appellee, and a careful review of the authorities cited, we are of the opinion that we are in error in holding that because appellee, under the undisputed evidence, was guilty of contributory negligence as a matter of law, in that the evidence of appellee and the surrounding facts and circumstances show that appellee went in front of the moving train under circumstances which present no excuse for his not discovering it in time to have avoided the collision, and in violation of the duty imposed by article 820l, Penal Code, the trial court should have instructed a verdict for the appellants.

The acts of negligence assigned by appellee, as proximately causing his injuries, consist of failure to give the statutory signals for the Copia street crossing, and the running of the train at a speed in excess of that permitted by a city ordinance of the city of El Paso. The issues of the above two negligent acts on the part of appellants and as proximately causing appellee's injuries are sufficiently sustained by the evidence to require their submission to the jury, and the trial court submitted each of said issues for the jury's findings.

The appellants pleaded general denial and contributory negligence on the part of appellee proximately causing or contributing to cause his injuries, in that appellee drove his automobile upon the railroad track at the street crossing at a reckless, dangerous, and unlawful rate of speed, and immediately in front of the approaching train, without looking or listening for such train, and that appellee's injuries were the sole and proximate result of appellee's own negligence. The court, by appropriate instructions, submitted the above issues of contributory negligence and proximate cause, with explanations of each, to the jury under a general charge calling for a general verdict. The jury found for the appellee, thus in effect holding that appellants were guilty of negligence in one or both of the negligent acts charged, and that such negligence was the proximate cause of his injuries, and in favor of appellee on the issues of contributory negligence and proximate cause.

In the motion for rehearing one of appellee's contentions in effect is that under the evidence and all of the facts and circumstances disclosed by the evidence under which appellee went upon the railroad track in

front of the moving train, omitting under this proposition negligence under article 820l, Penal Code, appellee was not guilty of negligence as a matter of law; that the issue of negligence under the facts disclosed by the record was an issue of fact to be found by the jury and not a matter of law to be determined by the trial court or by this court. As sustaining the holding announced in the opinion, reference is made to Railway v. Edwards, 100 Tex. 22, 93 S. W. 106. In that case it is stated in the opinion:

"Plaintiff admits that, before stepping on the track, he neither looked nor listened for the train, although he was familiar with the crossing, and knew of the frequent passing of trains, and that he could have seen and heard it, had he done so."

[5] There, it is said, Edwards relied alone upon the failure to give the statutory signals, and because he did not hear them he did not look for the train nor pay any attention to the noise it made, though in approaching the railroad he approached it obliquely - until he came near the crossing, when he turned with the road crossing the track. The Supreme Court said that case was easily distinguished by its facts from cases presenting issues for the jury as to whether the care taken was sufficient. We think the case referred to is distinguishable by its facts from the instant case. On the care used to discover the approach of the train here the appellee testified:

"My hearing is all right. I was looking out when I approached that track. I cross that crossing repeatedly. I glanced toward town; there was a passenger train comes out down there along that time of the night, and when I glanced the other way that train was right on me. I didn't hear it. * * *" (On cross-examination.) "Yes, sir, I was listening for it."

It seems the evidence is sufficient to take the case to the jury on the issue of negligence vel non. The test on the issue of negligence under this feature of the case to be applied by the jury was: Would an ordinarily prudent person in the exercise of care for his own safety have gone upon the railroad track under the same or similar circumstances? The issue was one of fact and not of law. The jury having resolved the issue in appellee's favor, we are bound by it, unless reasonable minds might differ as to the conclusion to be drawn therefrom. If there was no negligence on the part of appellee under the above facts in failing to look and listen for the approaching train, as found by the jury, we need not look for a proximate cause under that issue.

[6] It is conceded by appellee in his amended motion that he was guilty of negligence per se in failing to reduce the speed of his automobile to within 6 miles an hour in approaching the crossing, the crossing at Copia street being partly obscured, and in view of such admission we will omit a discussion of the application of article 820l, Penal Code. The question then is presented: Does such negligence bar a recovery as a matter of law? Here the issue of proximate cause becomes a pertinent fact for the jury. Where an act is negligence per se because violative of a statutory duty, the same rules must be applied as in negligence vel non in determining the issue of proximate cause. In Keevil v. Ponsford et al. (Tex. Civ. App.) 173 S. W. 518, Keevil was riding his motorcycle in excess of the speed permitted by an ordinance of the city of El Paso, and was injured by running his motorcycle against a wagon left unlighted in the street by the' defendants. In that case this court, speaking through Justice Higgins, held that the trial court was not warranted in assuming as a matter of law that Keevil's negligence was a proximate contributing cause of his injury, and, so assuming, direct the issue of proximate cause by a peremptory charge. It was there said:

"Whether an act be negligence per se, because violative of a duty imposed by statute or ordinance, or be negligence because in violation of some duty under general principles of law, the same rules must be applied in determining the question of proximate cause."

[7, 8] In Railway v. Eaton (Tex. Civ. App.) 222 S. W. 318, Eaton was injured while standing on the running board of a jitney in the city of Dallas while in operation, in violation of an ordinance of that city, by coming in collision with a street car. In that case Judge Boyce for the Amarillo court held that the negligence on the part of Eaton would not bar recovery for injuries resulting from the negligent act of the defendant street railway company, unless Eaton's negligence was a proximate cause of the injury, and that the question of proximate cause is one of fact for the jury, unless the facts are such that reasonable minds might not differ as to the conclusion to be drawn therefrom. It was further held in that case that the same principles of law governing the application of the law of proximate cause in the ordinary negligence case are applicable in cases of contributory negligence. Now, in the case at bar, the active cause which produced the injury, as found by the jury, was the negligent acts of the appellants in running the train at a speed in excess of that permitted by the city ordinance, or in not giving the statutory signals for the crossing, or both. This was a question to be determined by the jury from all of the evidence. We think reasonable minds might not disagree to such conclusion, under the evidence and the facts disclosed by the record. Where a plaintiff and defendant are each guilty of negligence, it is a question of fact for the jury as to which negligence is the proximate cause of the injury. This is well established by the following cases. T.

& N. O. R. Co. v. Harrington (Tex. Civ. App.) 235 S. W. 188; Wells Fargo v. Benjamin, 107 Tex. 231, 179 S. W. 513; Trochta v. Railway Co. (Tex. Com. App.) 218 S. W. 1038.

The motion for rehearing is granted and the case affirmed.

HARPER, C. J., dissents, for reasons stated in the original opinion.