## HOUSTON ELECTRIC CO. v. SETTLE.*

### No. 9715.

Court of Civil Appeals of Texas. Galveston.
May 5, 1932.

Rehearing Denied May 26, 1932.

Baker, Botts, Andrews & Wharton, Gaius G. Gannon, and Dillon Anderson, all of Houston, for appellant.

A. D. Dyess, of Houston (Paul Strong, of Houston, of counsel), for appellee.

GRAVES, J.

Appellee Settle sued appellant electric company to recover $3,000 in damages for injuries to himself and his automobile, alleged to have resulted from a collision at the corner of Bayland and Watson streets in the city of Houston, between a street car owned and operated by appellant, and an automobile owned and operated by appellee.

He alleged that the collision and the resultant damages were proximately caused by the negligence of the operator of the street car in the following particulars:

(1) In operating the street car at a greater rate of speed than was safe under the then existing weather conditions.

(2) In failing to ring a bell or sound a gong.

(3) In failing to keep a proper lookout.

(4) In proceeding into the intersection where the collision occurred without slackening his speed.

(5) In proceeding into the intersection without bringing the street car to a stop.

(6) In operating the car at a dangerous rate of speed under the prevailing weather conditions.

(7) In failing to observe the right of way rules.

(8) In permitting a coat of ice to form upon the front windows of the street car.

(9) Discovered peril.

The appellant answered by general demurrer, general denial, a plea alleging that the proximate cause of the damages complained of was appellee's own contributory negligence in the following particulars:

1. Failure to keep his automobile under reasonable control.

2. Failure to keep a proper lookout.

3. Operating his automobile in excess of twenty miles per hour.

4. Operating his automobile at a dangerous rate of speed under the attending circumstances.

5. Failure to use ordinary care to avoid the collision after discovering the street car.

6. Failure to give warning.

7. Failure to have brakes on his automobile in good condition.

8. Failure to have his automobile under reasonable control.

Further by special plea that the sole proximate cause of the damages complained of was the negligence of the appellee in the following enumerated particulars:

*Writ of error granted.

(1) Failure to keep his automobile under reasonable control.

(2) Failure to keep a proper lookout.

(3) Operating his automobile in excess of twenty miles per hour.

(4) Operating his automobile at a dangerous rate of speed under the attending circumstances.

(5) Failure to use ordinary care to avoid the collision after discovering the street car.

(6) Failure to give warning.

(7) Failure to have brakes on his automobile in good condition.

(8) Failure to have his automobile under reasonable control.

The forty special issues and answers of the jury, on which the fact issues were determined, may be paraphrased as follows:

I. Did defendant's motorman operate the street car at a greater rate of speed than was reasonably safe? II. Was such act negligence? III. Was it a proximate cause? "Yes."

IV. Did the motorman fail to give signal or warning as he entered the intersection? V. Was such failure negligence? VI. Was it the proximate cause? "Yes."

VII. Did defendant's motorman fail to keep a proper lookout? VIII. Was such failure negligence? IX. Was it a proximate cause? "Yes."

X. Did defendant's motorman proceed into the intersection without slackening his speed? XI. Was this negligence? XII. Was it a proximate cause? "Yes."

XIII. Did defendant's motorman proceed into the intersection without stopping his car? XIV. Was this negligence? XV. Was it a proximate cause? "Yes."

XVI. Did the defendant's motorman operate the street car with the windows in front thereof blurred with ice? XVII. Was this negligence? XVIII. Was it a proximate cause? "Yes."

XIX. Did defendant's motorman discover the perilous position of plaintiff in time, by the exercise of ordinary care, to have averted the collision? XX. Was such failure a proximate cause?

The jury answered XIX, "No," and failed to answer XX.

XXI. Did plaintiff, L. L. Settle, fail to have his automobile under proper control? XXII. Was this negligence? XXIII. Was it a proximate cause?

The jury answered XXI, "No," and did not answer XXII and XXIII.

XXIV. Did L. L. Settle fail to keep a proper lookout? XXV. Was his failure negligence? XXVI. Was it a proximate cause?

The jury answered XXIV, "No," and failed to answer XXV and XXVI.

XXVII. At what rate of speed was plaintiff, L. L. Settle, traveling as he approached the intersection? XXVIII. Was the rate of speed a proximate cause of the occurrence complained of?

The jury answered XXVII, "Twenty miles per hour," and XXVIII, "No."

XXIX. At what rate of speed was plaintiff, L. L. Settle, driving immediately prior to the collision? XXX. Was such rate of speed a proximate cause?

The jury answered XXIX, "Eight," and XXX, "No."

XXXI. Was L. L. Settle's speed a negligent rate of speed under the circumstances? XXXII. Was such rate of speed a proximate cause?

To XXXI the jury answered, "No," and failed to answer XXXII.

XXXIII. Did Plaintiff, L. L. Settle, fail to exercise ordinary care after discovering the street car? XXXIV. Was such negligence a proximate cause?

The jury answered XXXIII, "No," and failed to answer XXXIV.

XXXV. Did L. L. Settle fail to give any warning or any signal of his approach? XXXVI. Was such failure negligence? XXXVII. Was it a proximate cause?

The jury answered XXXV, "Yes," XXXVI, "No," and failed to answer XXXVII.

XXXVIII. Was the occurrence complained of an unavoidable accident? "No."

XXXIX. Was the sole proximate cause of the occurrence the icy, slippery condition of the street? "No."

XL. What amount of money was plaintiff damaged? "$1000.00."

Judgment was entered against appellant in appellee's favor for $1,241, which included the amount of the verdict and $241 for other items that were agreed upon as to amount.

The appeal challenges the result below upon three special contentions:

1. The appellee was shown to have been guilty of contributory negligence as a matter of law—or, if not, the jury's quoted answer to issue number XXIV was so against the overwhelming weight of the evidence as to be plainly wrong—in that his own testimony demonstrated that he failed to keep a proper lookout for the approach of the street car, which failure proximately caused the collision.

2. The defense that the sole proximate cause of the collision was the failure of the plaintiff to keep a proper lookout having been specially plead by the defendant and raised by the evidence, the court erred in refusing

to submit to the jury defendant's specially requested issue No. 12, inquiring whether his negligence in so doing was the sole proximate cause thereof.

3. The court prejudicially erred in refusing to allow appellant to introduce all of the written statement of Mrs. H. F. Nesbit, after counsel for appellee had singled out and introduced in evidence a part of it.

None of these presentments, we conclude, should be sustained.

 The able trial court literally cross-examined the jury in these forty inquiries touching every phase of negligence raised by either party, and, on reviewing the statement of facts, there being no attack upon the verdict in other respects, this court is unable to agree that appellee's own testimony either convicted him as a matter of law of having negligently failed to keep a proper lookout, or required the setting aside of the finding that he did not so fail; the pith of both the evidence and the findings (none of which are claimed to lack sufficient support, other than the single one on appellee's lookout) affecting this whole matter simply is:

That the street car—contrary to its custom to stop before crossing Bayland Avenue from the north, which habit this appellee knew of and expected to be observed—on this murky, snowy morning failed to do so, but negligently dashed across from the left at a probable speed of 20 miles or more per hour, without either slowing up, or keeping a proper lookout, or giving signal or warning, and with its windows in front blurred with ice;

Whereas, touching the manner of his own approach to and entry upon the same intersection, the appellee's epitomized testimony is:

"As I approached Watson street, on Bayland street, traveling from the west to the east, I was going about twenty miles an hour, and about one hundred feet from the intersection I pushed the gas up, and you know how a Ford will go along that way in gear, and it was practically slowed down. A Ford will slow down in fifty or seventy-five feet completely. I left it in gear and kept the gas up, and when I got near the corner I looked and pulled it down and went on. As I approached Watson Street I looked to my left and didn't see a car coming and looked to my right and as I straightened back up to give it the gas I saw a flash of yellow and the car was right on me. * * *

"It is true that, regardless of whether the trees or shrubbery or telephone poles constituted an obstruction, that had I looked after I got past those obstructions I could have seen down here for two or three blocks, but I was looking the other way by that time. * * *

"I did not say that if I had looked I could have seen a great distance to the north, because I did look and I didn't see the car. There was no obstruction to my view when I got along at this point, but I wasn't looking that way then.

"I traveled approximately 15 feet after I passed this imaginary curb line, during which time there is not any doubt but that had I looked I could have seen this street car coming, but I can't look both ways at the same time. * * * I didn't make any effort when I got to where I could see up the street to look to my left to see if there was anything, I didn't have time. I didn't have time, because I was looking the other way. If I had been going slower and tried to look both ways at the same time, I am liable to get it from both sides. I always do the best I can in crossing intersections of busy traveled streets and I think I did the best I could this time."

Such being the state of the record, these assignments thus in effect urge that the appellee could not properly have been absolved of contributory negligence, because, primarily by his own admission, he did not—regardless of all other considerations—again look to the left in the brief fifteen feet after he passed the west curb line of Watson street, and in fact see the rapidly coming street car.

That, on the coming in of such a state of proof, he would neither be guilty of contributory negligence as a matter of law, nor could a jury's verdict acquitting him thereof be properly set aside on appeal, is, we think, well settled in Texas in such cases as Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Trochta v. M. K. & T. Ry. of Texas (Tex. Com. App.) 218 S. W. 1038; Barron v. H. E. & W. T. Ry. Co. (Tex. Com. App.) 249 S. W. 825; Boyd v. St. Louis S. W. Ry., 101 Tex. 411, 108 S. W. 813; Freeman v. G. H. & S. A. Ry. (Tex. Com. App.) 285 S. W. 607; Hines v. Arrant (Tex. Civ. App.) 225 S. W. 767; G., H. & S. A. Ry. v. Duty (Tex. Com. App.) 277 S. W. 1057; Jones v. Louisiana Western Ry. (Tex. Com. App.) 243 S. W. 976, 977; Harrell v. S. L. & S. W. Ry. (Tex. Com. App.) 222 S. W. 221; C., R. I. & G. Ry. v. Zumwalt (Tex. Civ. App.) 226 S. W. 1080, affirmed (Tex. Com. App.) 239 S. W. 912; T. & P. Ry. v. Stoker, 52 Tex. Civ. App. 433, 115 S. W. 910, writ of error refused.

██ As concerns the second contention, there were only two parties to this cause, appellant and appellee, and, as before recited, the court submitted these inquiries:

"(a) Did the plaintiff fail to keep a proper lookout;

"(b) Was his failure negligence;

"(c) Was it a proximate cause of the collision."

Wherefore, as seems to us, it would have

gotten nowhere in addition to have also specially asked whether this same act, if found to have been committed and to have constituted negligence, was further the sole proximate cause of the injury; especially so, since admittedly the only testimony in the record which could be claimed to have raised any such issue was that of the appellee himself, and it plainly did not do so.

The court's action with reference to the prior written statement of the witness Mrs. Nesbit did not in the circumstances involve prejudicial error, we think, for the reason that appellant's counsel was permitted to and did introduce all that part of it that bore upon the feature of it that opposing counsel had brought out. Robertson & Co. v. Russell, 51 Tex. Civ. App. 257, 111 S. W. 205, writ of error refused; Wichita Falls Motor Company v. Meade (Tex. Civ. App.) 203 S. W. 71; Stevens v. Hunt (Tex. Civ. App.) 39 S.W.(2d) 124; Vance v. Upson, 66 Tex. 476, 1 S. W. 179.

While appellant's fourth proposition, urging that its requested issue No. 39, seeking to elicit an answer from the jury upon whether or not alleged "imperceptible weather conditions" constituted the sole proximate cause of the collision, should have been submitted to the jury, has not above been listed among the contentions in this court, we think it should be overruled, on the view that there was no evidence raising it, since the undisputed testimony showed that, whatever the weather conditions were, it was possible to see more than two blocks with ease and clarity, and since the court in other issues did require findings upon every weather condition that the evidence showed could have entered into or constituted the cause of the collision.

These conclusions require an affirmance of the trial court's judgment; it will accordingly be so ordered.

Affirmed.