### REEDY v. MISSOURI, K. & T. RY. CO.
#### No. 5781.

Court of Civil Appeals of Texas. Amarillo.
May 19, 1947.

Rehearing Denied June 16, 1947.

348

Olan R. VanZandt, of Sherman, for appellant.

Freeman, Wolfe & Keith, of Sherman, for appellee.

STOKES, Justice.

This is an action for damages, instituted by the appellant in which he sought.to recover of the appellee damages for personal injuries and damage to his automobile as the result of a collision near the town of Whitesboro, in Grayson County, between his automobile and an engine and tender of the appellee. The record shows that on December 21, 1945, about two o'clock in the morning, appellant was traveling in a southerly direction on State Highway Number 10. Appellee's railroad ran at right angles to the highway, either in the southern portion of the town of Whitesboro or very near it. There were three railroad tracks, consisting of the main line and some switching tracks. Some 300 yards south of them was a spur track running in a northwesterly and southeasterly direction. After crossing the main track and switches, appellant attempted to cross the spur track and in doing so his car was struck by the engine and tender that were being propelled backward over the crossing, in a northwesterly direction.

A jury was empaneled to try the case but at the close of the testimony adduced by appellant the appellee presented a motion for an instructed verdict in its favor, which was granted by the court, and, upon the return of the verdict, judgment was entered accordingly.

Appellant assails the judgment and action of the court below in giving to the jury a peremptory instruction in favor of the appellee upon the ground that the pleadings and the evidence were sufficient to establish negligence on the part of the agents and servants of the appellee or at least to raise controverted issues of fact that should have been submitted to the jury. In addition to general negligence, he also asserts that the evidence showed he was in a position of imminent peril that was known to the employees in charge of the engine and tender; that they negligently failed to use the means at their command to avoid injuring him; and that the negligence of the agents and employees of the appellee was the proximate cause of his injury and damage. He also contends that the question of contributory negligence as well as those of negligence, discovered peril and proximate cause, were questions which should have been submitted to the jury.

The appellant himself was the only witness introduced or who testified in respect to the details of the accident and the manner in which it occurred. According to his testimony, the engine and tender were located a short distance southeast of the crossing when he first saw them and were moving in a northwesterly direction at a speed of approximately ten or twelve miles an hour. At that time he was about 150 yards north of the crossing and he was traveling at a speed of between twenty-five and thirty miles an hour. He maintained this speed until he reached a point about 50 yards north of the spur track. Prior to reaching this point, he thought the engine and tender were moving forward or southeasterly but he then realized they were moving backward or northwesterly and he immediately reduced his speed to about five miles per hour. When he reached a point about twenty-five or thirty yards from the crossing he observed the engine and tender were moving slowly and, believing he could get across the spur track before they reached the crossing, he changed the gears of his car and accelerated his speed. Immediately before reaching the crossing he realized he was in imminent danger of being struck by the tender and he swerved his car to the right in an effort to avoid a collision. This proved to be too late, however, and the collision immediately ensued as a result of which he received some slight personal injuries and his automobile was practically demolished.

The principle of law is elementary and of long standing that no recovery can be had for an injury or damage inflicted by a wrongful act if such injury or damage

was proximately contributed to by the wrongful act of the one receiving it. The rule designates such an act as contributory negligence and it is an absolute defense to a charge of negligence by which it is alleged an injury was inflicted. According to appellant's own testimony, at the time the accident occurred he was in good health and in possession of all of his faculties. He had his car under perfect control; the highway was straight and level for a distance of more than two miles ahead of him; his view of both the highway and the railroad was clear and unobstructed; he was familiar with the crossing where the collision occurred and had been familiar with it practically all of his life; the headlights of his automobile were in good condition; the windshield of his car was clear; and he admitted he could see "way down the road". His brakes were in good condition; he saw the engine and tender moving slowly when he was approximately 150 yards north of the crossing; he saw flashes coming from the fire pan under the locomotive; and he admitted that when he was at least twenty-five or thirty yards north of the crossing he realized the engine and tender were moving backward toward the crossing instead of forward and away from it. At this point and with all these conditions existing, instead of stopping his car and waiting for the engine and tender to pass, appellant changed the gears of his car and accelerated his speed in an effort to negotiate the crossing before they reached it. This evidence revealed a clear case of contributory negligence on the part of appellant. There was no other testimony which contradicted it in any way and the evidence concerning appellant's acts and conduct was without any dispute whatever. There was, therefore, no issue to present to the jury. There was nothing revealed by the testimony that presented a state of facts upon which the minds of reasonable men could differ. It has been held in many cases by our courts that when, under the evidence, but one reasonable conclusion can be drawn, the question becomes one of law to be decided by the court, and if a jury is present, a peremptory instruction should be given. Wichita Valley Ry. Co. v. Fite, Tex.Civ. App., 78 S.W.2d 714; San Antonio & A. P. Ry. Co. v. Singletary, Tex.Civ.App., 251 S.W. 325; International & G. N. Ry. Co. v. Edwards, 100 Tex. 22, 93 S.W. 106, and the many authorities cited in those cases.

■ Appellant contends that he was in a position of imminent danger and that under the doctrine of discovered peril, it became the duty of the court to submit that question to the jury. The only evidence that the trainmen in charge of the engine and tender knew of appellant's presence was the testimony of appellant to the effect that after the collision he got out of his automobile and approached the engine when the conductor asked him "Why I didn't stay stopped while I was back up the highway a short ways". This shows that the conductor knew appellant was "back up the highway a short ways" which, according to appellant, was some fifty yards away. Moreover, appellant himself testified that, at that point, he reduced the speed of his car until it came almost to a standstill. There is no testimony to the effect that the conductor or anyone else knew appellant had left the point where he had practically stopped or that he was attempting to negotiate the crossing. It is obvious he was not in a position of peril at the time the conductor observed him and, since it is not shown that any of the trainmen knew he had left the place where he had practically stopped and was attempting to cross the track ahead of the engine and tender, the question of discovered peril was not in the case.

■■ Appellant alleged that the operatives of the engine and tender were negligent in failing to sound the whistle and ring the bell of the locomotive before reaching the crossing and he assigns error of the court in refusing to submit that question to the jury. According to his testimony, the windows of his car were closed and the radio was in operation. He said he did not hear a whistle or bell until after the collision; that he heard the bell at that time; and that he did not know when it began to ring. This fell short of proving the alleged fact that no warning was given but, even if it had been established that the whistle was not sounded and the bell was

not rung, it would not constitute a ground of recovery in this case because the object of these requirements had already been attained. The purpose of the requirement is to inform travelers on the highway of the approach of trains, and this the appellant already knew. He knew also of the speed and position of the engine and tender and was in full possession of all information that would have been given to him by the strictest observance of the rules in respect to sounding the whistle and bell upon approaching a highway crossing. There is, therefore, no merit in this contention. Houston & T. C. Ry. Co. v. Nixon, 52 Tex. 19; Fort Worth & D. C. Ry. Co. v. Rogers, Tex.Civ.App., 62 S.W.2d 151.

The only remaining contention urged by appellant has reference to the question of unavoidable accident. What we have said disposes of that question but, even if it were in the case, appellant is in no position to complain of the action of the court in refusing to submit it to the jury because it is essentially a question of defense and could not form the basis of a recovery by a plaintiff in a suit for damages.

We have carefully examined all of the assignments of error and contentions presented by appellant and in our opinion no error was committed by the court in giving to the jury a peremptory instruction to return a verdict in favor of the appellee. The judgment of the court below will, therefore, be affirmed.